CASE 37—ACTION BY AUGUST WURTH AGAINST THE CITY OF PADUCAH
TO RECOVER ON FIVE CITY BONDS AND COUPONS ATTACHED.—OCT. 9.

# Wurth v. City of Paducah.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  AFFIRMED.

LIMITATION—CITY BONDS—RUNNING OF STATUTE—REMOVAL OF BAR
—TRUST FUND.

Held:   1. The statute of limitations begins to run against an in-
strument payable at maturity at a certain time and place on
presentation, though there is no presentation.

2. The reply in an action, on the original promise to pay bonds, com-
menced seventeen years after their maturity, alleging that the
debtor at all times since issuance of the bonds recognized them
as its indebtedness, and within the last fifteen years promised
to pay them, is ineffectual to take the case out of the bar of
the statute, it not alleging that the promise to pay was made
before the bar, and within the statutory period, while the debtor
was legally bound to pay the bonds.

3. The mayor and council of a city can not, without legislative au-
thority, extend its liability for its indebtedness, beyond the ex-
press terms of its bonds, so as to remove the bar of the statute.

4. The levying and collection of a tax by a city to pay its bonds does
not extend the time for suit on the bonds.

5. The levying and collection of a tax by a city to pay its bonds does
not make the taxes a trust fund for payment of the bonds, suit
on which is barred by limitations.

SAM HOUSTON, FOR APPELLANT.

This suit was brought on five bonds of the city of Paducah
with coupons attached, dated November 13, 1868, and due at
any time after January 1, 1873.

The suit was filed April 11, 1900.

The defendant in its answer pleads (first) *forgery* and (sec-
ond) *limitation*.

1. The reply denies forgery and denies limitation and all the
affirmative allegations of the answer.

2. The second paragraph of the reply alleges that the bonds
and coupons are commercial paper transferable by delivery and

Wurth v. City of Paducah.

negotiable and payable to bearer on demand, presentation, and delivery of said bonds and coupons, at the National Bank of New York in the city of New York; that said bonds stipulate on their face that they did not become due and payable until demand, presentation and delivery at said bank; that no cause of action accrued or existed until such presentation and demand; and that on March 13, 1900, appellant did present and deliver said bonds and coupons at and demand their payment at said bank which was refused by the bank, and by appellee; and that they had never before that time been presented for and payment demanded of and at said bank.

Also that all of said bonds and coupons were presented for and payment demanded of appellee at its treasury in the city of Paducah in March, 1900, which was refused.

3. The third paragraph alleges the recognition of these bonds and coupons by the appellee, its admission of its indebtedness by them and its agreement and promise to pay them.

4. The plaintiff tendered and offered to file an amended petition alleging that appellee acknowledged and agreed to pay said bonds within five years before this suit was brought, and levied and collected taxes, as required by its ordinance authorizing the issue of said bonds, to meet and pay the same; and holds said money; that said money is a trust fund; and appellee having said fund and recognizing said indebtedness, is estopped now to refuse to apply same to the payment of said bonds.

The court overruled appellant's motion to file said amended petition and sustained a demurrer to the second and third paragraphs of the reply.

Appellant insists that the rulings of the court against him were purely technical and erroneous, and that the court erred in dismissing his petition.

## AUTHORITIES REFERRED TO.

Civil Code of Practice, secs. 112 and 141; sec. 98, subsecs. 1 and 2; sec. 312, subsecs. 1 and 2; sec. 113, subsec. 4; Town of Eminence v. Grasser's Exrs., 82 Ky., 52; Banks v. Coyle, 2 Mar., 564; Roberts v. Roberts, 7 Bush, 100; Filbin's Admr. v. Chesapeake, &c., Railway Co., 91 Ky., 446; Adams Oil Co. v. Christmas & Hughes, 101 Ky., 566; Town of Latonia v. Hopkins, &c., 104 Ky., 421; Rooney v. Tierney, 82 Ky., 253; Muldraugh's Hill, Campbellsville & Columbia Turnpike Co. v. Maupin, 79 Ky., 102.

J. M. WORTEN, FOR APPELLEE.

We do not regard it necessary to undertake to brief this case at any length.

Wurth v. City of Paducah.

The attorney for appellant, in his brief, has very fairly stated the case, and there is no issue between us, except as to his conclusions.

It seems to us there is but one question to settle, and but one way to settle that question, to-wit, the question of limitation.

The bonds involved in this action, as shown on the face of the same, could have been sued on by the legal owners and holders of the same, at any time after the first day of January, 1873, more than twenty (20) years ago, and more than seventeen (17) years before the suit on same was instituted.

It is true, as contended for appellant, by his attorney in the brief, that the statute of limitation does not begin to run until the accrual of the cause of action, but certainly it can not be contended that the mere failure of the holder of these bonds to make presentation and demand, when it was in his power so to do, would avoid the running of limitation against an action on the bond, or would stop limitation after it had commenced to run. A cause of action certainly accrues whenever an action may be maintained on behalf of any one, and in this case it can not be denied that the owner and holder of these bonds, on the first day of January, 1873, could have maintained an action, and if that be true, limitation then began to run, and the fifteen (15) years' statute of limitation, the very longest applicable to any kind of paper contracts, barred this action more than two years before it was instituted. We rely on the statute of limitation above referred to, section 2505 of the Kentucky Statutes.

There are other questions involved in the action, but which we do not deem necessary to take up, from the fact, that the settlement of this one will effectually put an end to the litigation. Daniel on Negotiable In., p. 224, vol. 2; White v. Curd, 86 Ky., 191.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, August Wurth, brought this suit against the city of Paducah to recover on five bonds of the city, and the coupons attached thereto, which he alleged were issued on the 13th day of November, 1868. The following is a specimen of each of the bonds, with the difference that they do not mature on the same day, but each of them had matured more than seventeen years before the institution of this suit: .

Bond No. 16.

"No. 16. The United States of America.

"$1,000.00. State of Kentucky. $1,000.00.

"New Orleans and Ohio Railroad Company.

"Bond of the City of Paducah.

"The City of Paducah, State of Kentucky,.acknowledges itself indebted to the New Orleans and Ohio Railroad Company in the sum of one thousand dollars, for value received, negotiable and payable to bearer, at the National Bank of the State of New York, in the City of New York, for which sum of one thousand dollars, the said City of Paducah, in pursuance of law, issues this Bond, signed by the Mayor and Clerk of the said City of Paducah, and does hereby promise and agree to pay the said sum of one thousand dollars on the first day of January, 1871, upon the presentation and delivery of this bond at the above-named place of payment; also the said City of Paducah promises and agrees to pay interest on said sum of one thousand dollars, at the rate of 6 per cent. per annum, payable at said bank on the 1st day of January and July in each and every year ensuing the date hereof, until the principal debt is paid, upon the delivery of the coupons hereunto attached, signed by the Clerk of said City. This Bond is one of a series of thirty-eight, of like date and amount, and issued by said City of Paducah to said New Orleans and Ohio Railroad Company, in payment of a bond of like amount issued by the City of Paducah, and due and payable.

"[Seal.] Witness the seal of the City of Paducah, and the signatures of the Mayor and Clerk of said City, this thirteenth day of November, one thousand eight hundred and sixty-eight.

"J. W. Sauner, Mayor of Paducah.

"W. M. Greenwood, Clerk of Paducah."

The city answered, denying liability for various reasons, and pleaded the lapse of time and statute of limitation in bar of recovery. To which appellant replied, denying all the affirmative allegations in the answer relied on to escape liability, and in the second paragraph of his reply alleged that the bonds and coupons sued on were commercial paper, and stipulate that they do not become due and payable until demand, presentation, and delivery thereof at the National Bank of the State of New York, in the city of New York, and that no cause of action accrued thereon until these conditions were complied with; that on the 13th of March, 1900, demand was made for the first time at the bank for payment, which was refused; that within fifteen years before the institution of this suit the defendant, the city of Paducah, by its mayor and council, had admitted and acknowledged the liability of the city for the bonds and coupons sued on, and had agreed and promised to pay same. The city of Paducah interposed a general demurrer to each paragraph of the reply, which was sustained. Plaintiff thereupon offered to file an amended reply, in which he alleged that the city of Paducah had levied and collected a tax sufficient to pay the bonds and coupons sued on, and held the money in trust for their payment, and that it had no right or power to appropriate the money so collected to any other purpose. The trial court refused to permit this amended reply to be filed, and dismissed the petition, and plaintiff has appealed.

It seems to us that neither of the defenses relied on is sufficient to stop the running of the statute. We will consider them separately. The contention that no "cause of action" accrued upon the bonds until after presentation and demand for payment at the bank in the city of New York is the first one. The bonds provide, in terms, that

they will be paid on a specified day upon their presentation and delivery at the place of payment named in the face of the bond.  It is a well-settled rule of law that, if an instrument be payable on demand at a specified time and place, the statute begins to run at its maturity, as payment could be immediately demanded, and, if refused, suit brought.  But if payable at a certain time after demand or after notice, actual demand must be made, or notice given, in order to fix the period of maturity when the statute begins to run.  See 2 Daniel on Negotiable Instruments, p. 226; Wheeler v. Warner, 47 N. Y., 519, 7 Am. Rep., 478; Herrick v. Woolverton, 41 N. Y., 581, 1 Am. St. Rep., 461.  Appellant could not defeat the operation of the statute by a mere failure on his part to comply with the terms of the bonds as to presentation and demand for payment.

In the third paragraph of plaintiff's reply, he states "that the city of Paducah by its acts and proceedings has all the time since the issual of the bonds and coupons sued on herein recognized same as its bonds and indebtedness, and within fifteen years last past before the beginning of this suit the city of Paducah, by its mayor and council, has admitted and acknowledged defendant's indebtedness for said bonds and coupons sued on, and agreed and promised to pay same." The averments of this paragraph are equally ineffectual to take the case out of the statute—first, because the suit is upon the original promise of the city to pay the bonds, and it is not alleged that the recognition by the city, and the promise to pay them, was made before the bar, and within the statutory period, and at a time when it was legally bound to pay them.  But this defense would be unavailing, even if the averments of the reply had been technically within the rule, for the reason that the mayor and council of a municipal corporation have no power or authority to

Wurth v. City of Paducah.

extend the liability of the city for its indebtedness beyond the express terms of the instrument evidencing such liability, without legislative authority, express or implied. In Clark v. Des Moines, 19 Iowa, 199, 87 Am. Dec., 428, Judge Dillon states the law on this subject with great force and perspicuity in these words: "The general principle of law is well known and definitely settled that the agents, officers, or even city council, of a municipal corporation, can not bind the corporation when they transcend their lawful and legitimate powers. This doctrine rests upon this reasonable ground: The body corporate is constituted of all the inhabitants within the corporate limits. The inhabitants are the corporators. The officers of the corporation, including the legislative or governing body, are mere public agents of the corporators. Their duties and powers are prescribed by statute. Every one, therefore, may know the nature of these duties and the extent of these powers. These considerations, as well as the dangerous nature of the opposite doctrine, demonstrate the reasonableness and necessity of the rule that the corporation is bound only when its agents, by whom, from the very necessities of its being, it must act, if it acts at all, keep within the limits of their authority. Not only so, but such a corporation may successfully interpose the plea of ultra vires; that is, set up as a defense its own want of power under its charter or constituent statute to enter into a given contract or to do a given act in violation or excess of its corporate power and authority." See, also, Dillon on Municipal Corporations (4th Ed.), 291, and Smith's Modern Law of Municipal Corporations, sections 186, 246, 247. Nor does the fact that the city of Paducah may have levied and collected a tax for the purpose of meeting the bonds and coupons sued on have the effect to extend in any wise the statutory period of

limitation in which a suit could be maintained upon the bonds. The city might very properly, during the life of the bonds, have made provision for their payment upon presentation and demand as stipulated in the bond. But this fund did not become a trust fund for the payment of the obligations from which the city had been exonerated by the lapse of time and the statute of limitations. We are therefore of the opinion that the chancellor properly sustained a demurrer to the reply, and, upon appellant's failure to plead, dismissed his petition.

Judgment affirmed.