## Hardin v. Town of Highland Park, et al.

(Decided September 21, 1911.)

### Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Contracts—Claim of Town Marshal for Services Rendered—Limitation—Provision of Statute.—In an action by a Town Marshal upon an allowance by the trustees of the town, to recover the amount allowed, no warrant having been issued for the payment of the claim, it was error for the lower court to adjudge that the claim was barred by the five year statute of limitation, such claim being included in the class of action provided for in section 2514, Kentucky Statutes which allows the action to be commenced within fifteen years.

FRAKLIN CHAPPELL for appellant.

WILLIAM T. McNALLY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellant served as marshal of appellee town for a number of years. On December 14, 1895, the board of trustees met and made him an allowance of $140.00 for services, and directed the issual of a warrant upon the

treasury of the town for that amount, and.it was issued. Two payments were made upon the warrant which totaled $59.00 leaving due thereon $81.00 with interest from March 27th, 1896. On August 5, 1896, the trustees made another allowance to appellant of $199.30, but no warrant was issued for its payment. On May 8th, 1908, appellant sued for these two amounts. On a trial before a jury he was awarded a verdict therefor. The lower court held both items barred by the Statutes of Limitations, but submitted the case to the jury upon the theory that the board of trustees made him a new promise by levying a tax to pay old debts and judgments, which it was alleged included these debts. The court afterward determined, however, under the authority of Wurth v. City of Paducah, 116 Ky., 403, that the action of the trustees in making this levy did not amount to a promise to pay these debts, and set the judgment aside, and rendered a judgment in behalf of the town. The court was correct in determining that the order levying the tax did not constitute a promise to pay these debts under the authority cited. The only question before the court is: Was the lower court correct in finding that the two claims were barred by the five years statute of limitations? It is conceded that the claims are just, and the lower court said in its opinion that it regretted for that reason to disturb the finding of the jury, but felt impelled to find against appellant on account of the statutes of limitations. The lower court decided that section 2515, Kentucky Statutes, governed the case. It is in part, as follows:

"An action upon a contract not in writing, signed by the parties, express or implied; an action upon a liability created by statute, when no other time is fixed by the statutes creating the liability; * * * shall be commenced within five years next after the cause of action accrued."

Section 2514, Kentucky Statutes, provides, in part, as follows:

"An action or suit upon a recognizance, bond, or written contract; * * * or upon bond or obligation for the payment of money or property, or for the performance of any undertaking, shall be commenced within fifteen years after the cause of action first accrued."

The question is: Which of the sections is applicable

to appellant's claim? If appellee, by its legally consti-
tuted authority, obligated itself in writing to pay these
claims then the fifteen years statute applies, and the
claims are not barred. Appellee was a city of the sixth
class, and its board of trustees, as stated, by an order
entered of record, allowed appellant his claim of $140.00,
and the clerk of the board was directed to and did issue
a warrant in favor of appellant for that amount, on
which was paid $59.00. The board also allowed him a
claim of $199.30 for services, but no warrant was issued.
This order was signed by the chairman of the board and
attested by the clerk.

This action was instituted upon these claims, and if
they meet the requirements of the statutes, appellant
should win. This identical question has not been passed
upon by this court, but similar ones have. In the case
of Winchester & Lexington Turnpike Co. v. Wickliffe's
Admr., 100 Ky., 531, the turnpike company made an
order on its books declaring a dividend to its stockhold-
ers. The administrator instituted his action to recover
the dividends. A plea of the five and ten year statute
of limitations was interposed. The only writing which
referred to Wickliffe's claim was the orders on the books
of the turnpike company in which they declared the divi-
dends. In that case the court quoted section 2514 of the
statutes, as above, and used the following language:

"The contract or obligation in this case was in writ-
ing, being part of the records of the company, signed by
the proper officer. * * * The appellee was, there-
fore, entitled to judgment for all the dividends that had
been declared within fifteen years before the 16th of
October, 1894 (the time of the institution of this suit)."

In the case of Carnegie Phipps Co. v. The Board of
Trustees of Beattyville, the issue arose over the follow-
ing facts: The Pittsburg Bridge Company built a bridge
for the town of Beattyville at the price of $1,750.00, pay-
able in installments. At a meeting of the trustees of the
town the following order was entered:

"Ordered that the Treasurer of the town of Beatty-
ville, Ky., pay the Pittsburg Bridge Company the sum
of six hundred and twenty-five dollars ($625.00) same
being the second payment on the iron bridge due and
payable at Beattyville, Ky., Oct. 1, 1890, to bear interest
at the rate of six per cent per annum after maturity.
This February 4, 1890."

A copy of this order was delivered to the bridge company and it by written endorsement assigned it to the Carnegie Phipps Company, and it demanded payment which was refused, and a suit was brought upon the writing. A general and special demurrer was filed to the petition and the court sustained the special demurrer upon the ground that the Pittsburg Bridge Co. was a necessary party to the action. The plaintiff refused to make it a party and the court dismissed the action without prejudice. From that judgment an appeal was taken to the Superior Court of Kentucky, and that Court said:

"Sec. 6 of Chap. 22 of the Gen. Statutes provides that: 'All bonds, bills or notes for money or property shall be assignable so as to rest the right of action in the assignee.'

"Is the instrument sued on a promissory note or a bill within the meaning of the statute? The instrument sued on was made by the town of Beattyville and is in the form of a bill drawn by its Board of Trustees upon its Treasury, attested by its clerk, and directing its Treasurer to pay to the Bridge Company a certain sum therein specified out of the Treasury of said city, and adding the same being the second payment on the iron bridge, due and payable at Beattyville, Ky., Oct. 1, 1890, to bear interest at the rate of six per cent per annum after maturity, and is signed and accepted by the treasurer. An indebtedness to the amount specified in the order is acknowledged, and it states the consideration and upon what fund it is chargeable, the general fund of the town. The order to pay is absolute, and there is no condition annexed to it, and if the town fails to pay when due, then it is to pay interest at the rate of 6 per cent. per annum after maturity. So the instrument sued on is a written promise to pay to the Bridge Company, at a time specified therein, a certain sum of money absolutely and at all event. It is therefore in the nature of a promissory note, and could be treated as such, and is assignable under the statutes."

The courts of last resort, so far as we have been able to ascertain, class warrants and resolutions of record allowing claims for services, as obligations for the payment of money and as contracts to pay, and have refused to class them as checks and orders. (International Bank of St. Louis v. Franklin County, 65 Mo., 105). In the

case of Board of Commissioners v. Day, 19, Ind., 450, the Court said:

"The auditor of the county is authorized by law to audit claims against the county, and to draw upon the treasury for payment. Such an order when drawn is in legal effect the promissory note of the county."

In the case of Texas Western Railroad v. Gentry, 69 Texas, 625, it is decided, as stated in the syllabus, that, "Such a resolution is a contract in writing within the meaning of the statutes of limitations, when it is shown it is the final acceptance of a previous agreement."

Appellee relies mainly for an affirmance of the case upon the cases of Wurth v. City of Paducah, supra, and N. & M. V. R. R. Co. v. Hay 8 Ky. L. R. 115. Appellee claims that the case last named is conclusive of the question at bar, and quotes the following from it:

"The minutes of a corporation showing the election of a secretary by the Board of Directors is not a written contract within the meaning of the Statute of Limitations; and an action by the secretary for compensation for service rendered is barred in five years after the close of each five years' service."

When appellant in the case at bar was elected and qualified as marshal of appellee town, there was an implied contract, at least, that the city would pay him a reasonable price for his services, and if he were now basing his action upon that promise it would be barred by the five year statute, as in the case of the secretary; but appellant brought this action upon a contract made and entered of record on the books of the corporation to pay him a stated sum for his services which had theretofore been rendered.

In the case of Wurth v. City of Paducah, supra, the city officials transcended their constitutional powers. The opinion does not show that they promised in writting to pay the bonds. The bond holders attempted to show that the officials made individual, verbal promises to pay the bonds, but it was not shown that the promises, if any were made, were made within the fifteen years, the period in which the bonds were enforcible. The board of trustees in the case at bar did not transcend their powers. They certainly had the right to make an order directing the payment of these claims to the officer who had previously served the town and earned his wages.

For these reasons, the judgment of the lower court is reversed and cause remanded for further proceedings consistent herewith.