## REPUBLIC SUPPLY CO. v. WAGGONER.
### (No. 2643.)

(Court of Civil Appeals of Texas. Amarillo. March 24, 1926. Rehearing Denied April 21, 1926.)

1. **Limitation of actions** ⬅️➡️24(2)—Minutes of corporation kept in compliance with statute, and reciting that if defendant and another were permitted to take over corporation property they would assume its liabilities, became written evidence of contract, and hence cause of action thereon was not barred by two-year statute of limitations (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1159, 1160, and article 5687, subd. 4).

Minutes of corporation kept in compliance with Vernon's Sayles' Ann. Civ. St. 1914, arts. 1159, 1160, and reciting that if defendant and another were permitted to take over property of corporation they would assume its indebtedness, which proposition was accepted on behalf of corporation by directors, became written evidence of contract within article 5687, subd. 4, and hence cause of action thereon was not barred by two-year statute of limitations; it being immaterial that contract was not signed by defendant.

2. **Limitation of actions** ⬅️➡️27.

Suit for breach of verbal contract must be brought within two years thereafter.

3. **Limitation of actions** ⬅️➡️27.

Action brought on verbal assumption of debt is barred within two years thereafter.

4. **Pleading** ⬅️➡️9—Plaintiff was not required to allege in specific terms that his cause of action was founded on four-year statute of limitations, where facts pleaded expressly established writing under which he claimed benefit of such statute.

Where facts pleaded by plaintiff as true expressly established writing by which defendant assumed liabilities of corporation under which plaintiff claimed benefit of four-year statute of limitation, it was unnecessary for him to allege in specific terms that his cause of action was founded on four-year statute.

5. **Frauds, statute of** ⬅️➡️18(3)—Directors' agreement to assume corporation's liabilities on its conveyance of its property to them held not a promise to answer for debt, default, or miscarriage of another.

Agreement by which directors of corporation promised to assume its liabilities after its property was conveyed to them *held* not a promise to answer for debt, default, or miscarriage of another, but to be based on assumption of such debt as their own, and hence not within statute of frauds, since liabilities assumed by them constituted what they agreed to pay corporation for its property.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Suit by the Republic Supply Company against R. M. Waggoner. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Fischer & Fischer, of Wichita Falls, for appellant.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellee.

RANDOLPH, J. This suit was brought in the district court of Wichita county, Tex., by appellant against appellee upon an alleged indebtedness in the sum of $5,062.69 for machinery, material, tools, and supplies furnished by it to the Burk-Waggoner Oil Company, a corporation, which debt was later evidenced by a certain note executed by Clois L. Green for the Burk-Waggoner Oil Company. The ground of defendant's liability alleged is that in a certain trade with the directors of the oil company, appellee and one Clois L. Green took over the property, personal and real, of that corporation and, in consideration therefore, assumed the debts of said corporation. Judgment was rendered upon the instructed jury verdict for the defendant, and the plaintiff has taken an appeal to this court.

The following brief statement is made, which we believe sufficient to explain our holdings herein:

At a meeting of the board of directors of said corporation held on September 27, 1920, defendant Waggoner and Clois L. Green, both of whom were directors, proposed to said directors that they would assume and pay all the debts of said corporation, if the corporation would transfer all of its property to them. That such proposal was accepted by the directors, and S. A. L. Morgan, vice president of said corporation, and V. D. Tennyson, its secretary, were authorized by the directors to execute on behalf of the corporation whatever papers necessary to carry out its agreement with Waggoner and Green. The agreement between the corporation and Waggoner and Green was reduced to writing by being incorporated in the written and signed minutes of the directors' meeting at which said agreement was entered into. The minutes were prepared the next day, and are as follows:

"Minutes of a called meeting of the board of directors of Burk-Waggoner Oil Company, a corporation, held at the office of the company in Wichita Falls, Tex., on Monday, September

27, 1920, at which were present R. M. Waggoner, president, Clois L. Green, S. A. L. Morgan, W. R. Ferguson and V. D. Tennyson, being all of the directors of said company.

"The meeting was called to order by the president, R. M. Waggoner, who proceeded to make a statement to the board of directors of the company's affairs, showing that the indebtedness of the company was approximately $300,000.00 and that the assets of the company amounted to less than $100,000.00 and that the company was without funds to proceed any further. He also stated that practically two-thirds of this indebtedness due by the company was due to R. M. Waggoner and Clois L. Green who has advanced various sums of money from time to time to the company.

"Clois L. Green thereupon stated to the board of directors that it was his wish to keep the company from going into the hands of a receiver and that if it met with the approval of Mr. Waggoner, he and R. M. Waggoner would take over the assets of the company including all of its machinery, wild-cat leases and other property and work out of these assets as much as they could and that they would assume the indebtedness to the end that the creditors of the company be paid in full, and the said R. M. Waggoner thereupon stated that the suggestion met with his approval.

"Thereupon Director S. A. L. Morgan made a motion that the board of directors accept the proposition of Messrs. Green and Waggoner to take over the property and assets of the company and assume all obligations of the company for the outstanding indebtedness, which motion was seconded by Director W. R. Ferguson, and the motion was then put to the board of directors by S. A. L. Morgan, vice president, and all the directors voted in the affirmative.

"Director W. R. Ferguson thereupon made a motion, which was seconded by Director Clois L. Green that S. A. L. Morgan as vice president and V. D. Tennyson as secretary prepare and execute all papers on behalf of the company necessary and proper to carry out the agreement between the company and the said R. M. Waggoner and Clois L. Green, which motion was carried by the unanimous vote of the board of directors.

"Director S. A. L. Morgan made a motion which was seconded by Director W. R. Ferguson, that the secretary be instructed to prepare a financial statement setting forth the company's financial condition and the disposition of the assets and indebtedness and that a copy of same be sent to all stockholders, which motion was carried by unanimous vote.

"No other business coming before the board the meeting was declared adjourned.

"Approved: [Signed]

"S. A. L. Morgan, Vice President.

"[Seal]     V. D. Tennyson, Secretary."

When it came to the execution of the deed or transfer of such property from the oil company by Morgan as vice president, it appears from Morgan's testimony that Waggoner came to his office and instructed him (Morgan) to make out the papers to Clois L. Green, and that he omitted Waggoner's name from the transfer because of such instruction, and that same was not omitted by mistake. Waggoner did not take the witness stand in the case. Morgan also testified that he had known of the practice of persons in and about Wichita Falls, where two or more would purchase oil leases and property, instead of naming them all in the transfer, to transfer the property to one of them, and that this was very generally practiced and was the reason that he did not question Mr. Waggoner because it being so frequently done; that he had no reason to believe that Waggoner was not standing by the agreement to assume and pay the debts of the Burk-Waggoner Oil Company.

The transfer of Morgan, above spoken of, in behalf of the oil company, was made to Clois L. Green as transferee, and recited a consideration of $10 and the assumption of all outstanding debts, liabilities, and obligations of the oil company, and, describing the personal property conveyed also all the property and assets of whatever kind and wherever located, including all oil and gas leases and leasehold estates in Wichita, Wilbarger, and Wise counties, Tex., together with all machinery, etc.

One of the material questions presented by the briefs of the parties is: Is appellant's cause of action barred by the two-year statute of limitation, or does the four-year statute apply?

[1-3] It must be understood that the directors of the Burk-Waggoner Oil Company numbered five, R. M. Waggoner, Clois L. Green, S. A. L. Morgan, W. R. Ferguson, and V. D. Tennyson. All were present at the meeting of the directors which acted upon the proposition of Waggoner and Green to take over the corporation property and assume its debts, and there were no negative votes.

Articles 1159, V. S. T. C. Statutes 1914, provides that the directors shall have the general management of the affairs of the corporation. Article 1160 requires that such directors shall cause a record to be kept of all business transacted by them. This being the law, were the minutes of the Burk-Waggoner Oil Company, introduced in evidence, evidence of "a contract in writing" as required by subdivision No. 4 of article 5687, V. S. T. C. Statutes 1914? We recognize the rule to be that a suit for breach of a verbal contract must be brought within two years thereafter, Harrison v. City of Sulphur Springs (Tex. Civ. App.) 35 S. W. 744, and that an action brought on the verbal assumption of a debt is also barred in two years thereafter, Beitel v. Dobbin (Tex. Civ. App.) 44 S. W. 299, and that such rule applies here unless the minutes of the Burk-Waggoner Oil Company introduced in evidence take this action from under the bar of said two-year statute by furnishing evidence in writing required by said subdivision 4. As it is shown, the statute requires that a record be kept by the directors of all business transacted by

them. The minutes having been kept in answer to such statutory requirement, we think that such minutes become written evidence of the contract that was entered into.

Justice Gaines, speaking for the Supreme Court, in the case of Texas W. Ry. Co. v. Gentry, 8 S. W. 98, 101, 69 Tex. 625, 630, says:

"The resolution accepting Gentry's conveyance was passed ·June 3, 1881, and this suit was instituted June 24, 1884. The statute of limitations of two years was pleaded in the court below both by exception and by answer, and it is now insisted that the court erred in not sustaining that defense. The minutes of the meeting at which the resolution was passed was signed by the president and secretary of the corporation. A copy, attested and duly acknowledged by the secretary, was delivered to Gentry, and was subsequently placed upon record. The question is, was this 'a contract in writing,' within the meaning of article 3205 of the Revised Statutes, upon which an action may be brought at any time within four years? It is held in several cases that a resolution of the board of directors or other lawfully constituted governing body, of a corporation, duly entered upon their minutes, and signed by the proper officers, if intended as the completion of a contract, is a memorandum in writing as required by the statute of frauds, and that, as such, it can be lawfully enforced. * * * In the few cases which seemingly hold a contrary doctrine the resolutions were deemed rather propositions for a contract than final acceptances of an agreement. * * * If a resolution duly entered and signed be a writing under the statutes of frauds, it must be a contract in writing within the meaning of the statute of limitations, where it shows upon its face that it is intended as the final acceptance of a previous agreement. This intention is most clearly expressed in the resolution under consideration. We therefore hold that the action was not barred by limitation."

The minutes in evidence in this case disclose the making and acceptance of the proposition, are duly signed by the proper officers, and show a completed transaction. But the appellee contends that Judge Gaines' holding in the Gentry Case does not apply to the facts of this case; that it is not shown that Waggoner had ever seen or accepted the transaction evidenced by these minutes. The fact that Gentry was presented with a copy of the minutes is not the turning point of Judge Gaines' decision. In the case at bar, the contract was clearly established; there can be no question as to this. The only question is: Do the minutes furnish the necessary proof to take it out from under the bar of the two-year statute? The statute does not require that the writing be signed by both parties, but only requires that the agreement be "evidenced by a contract in writing." Waggoner had full knowledge of the contract; he was present and participating in the meeting. The law requires the minutes to be kept, and he is presumed to know the law and to anticipate that the officers would do their duty.

As supporting and following the ruling in the Gentry Case, see Gano v. County of Palo Pinto, 8 S. W. 635, 636, 71 Tex. 99; Hardin v. Town of Highland Park, 139 S. W. 765, 767, 144 Ky. 489; Black v. Hanz (Tex. Civ. App.) 146 S. W. 309, 312.

It was not required that such an instrument should have been signed by Waggoner, and there are very many cases which recognize the rule to be that when one party signs a contract, and the other accepts without signing, both are bound equally. Campbell v. McFadin, 9 S. W. 138, 71 Tex. 28; Orbeck v. Alfei (Tex. Civ. App.) 276 S. W. 947. Even where a receipt is given by an express company purporting to state the terms upon which a shipment is made, or a bill of lading is issued by a railroad company, such instruments are recognized as furnishing the necessary written evidence to take the action from under the bar of the two-year statute. Elder Dempster v. St. L. S. Ry. Co., 154 S. W. 975, 105 Tex. 636; Houston & T. C. Ry. Co. v. Cement Co., 245 S. W. 644, 112 Tex. 144, 145.

We therefore hold that the plaintiff's action is not barred by the two-year statute of limitation.

[4] Appellee's contention that the cause of action asserted by the plaintiff is unenforceable as a matter of law, for the reason that it is barred by the two-year statute, the four-year statute not being applicable for the reason that the plaintiff did not plead or prove that the alleged agreement was evidenced by or founded upon a contract in writing, cannot be sustained. The plaintiff's petition sets out the facts in great detail and expressly pleads the resolution and minutes of the board of directors, and the facts pleaded, if true, expressly establish the writing under which he claims the benefit of the four-year statute. The facts being fully stated in the pleading and proved on the trial as stated, we hold that it was not necessary for him to allege in specific terms that his cause of action was founded upon the four year statute. Hickernell v. Gregory (Tex. Civ. App.) 224 S. W. 694. We overrule this contention.

Appellee in his oral argument before this court abandons his claim that the assumption of Waggoner was not enforceable because of a want of consideration. Hence we will not discuss that question as presented in appellant's brief.

[5] The evidence, as stated, clearly shows that Waggoner and Green made a proposition to take over the property of the oil company and, in consideration therefore, to pay its debts. It is also established that such proposal was accepted by the board of directors, and that Morgan, the vice president, was instructed to execute the necessary papers to convey such property to Waggoner and Green; that Waggoner directed the transfer of the property to be made to Clois Green,

instead of to Waggoner and Green, jointly. By the exercise of his right of ownership, whether he derived any personal benefit from it or not, he did by such exercise of dominion accept the property as his own, and thus aided in depriving the oil company of its property. By the agreement made with the oil company, for a valuable consideration, Waggoner and Green made the debts of the oil company their own, and such agreement is not within the statute of frauds. This suit is not based on the transfer or on any term of the transfer and is not a promise to answer for the debt, default, or miscarriage of another, but is based upon the assumption of such debt as their own.

"The rule is thus stated: 'The general principle, prevailing in all the cases under this branch of the statute of frauds, is, that whenever the defendant's promise is in effect to pay his own debt to the plaintiff, though that of a third person may be incidentally discharged, the promise need not be in writing.' Browne on Statute of Frauds, 165. * * *" The statute "contemplates a promise to answer for another's debt; a promise for that purpose; a mere guaranty; and it never was meant that a man should set it up as a pretext to escape from the performance of a valid * * * obligation of his own, because, in performing it, the discharge of a third party's debt was incidentally involved." Spann v. Cochran & Ewing, 63 Tex. 243.

The sum assumed by Waggoner and Green constitutes in legal effect what they agreed to pay the oil company for its property. Spann v. Cochran & Ewing, supra. See, also, Hay v. Behrens Drug Co. (Tex. Civ. App.) 214 S. W. 940, 943; McCown v. Schrimpf, 21 Tex. 22, 73 Am. Dec. 221.

In the case of Oil Well Supply Co. v. Burk-Waggoner Oil Co. (Tex. Civ. App.) 261 S. W. 830, it is pointed out that there is no conflict between that case and the case of Waggoner v. Magnolia Petroleum Co. (Tex. Civ. App.) 252 S. W. 865. We therefore reaffirm the holdings in each of said two cases.

Appellee's counsel earnestly appealed to this court, in the oral argument of this case before us, that we recognize the authority of the trial court in passing upon questions of fact, and ask that we do not invade its jurisdiction. This rule we have always tried to follow, but in this case we cannot see the force of the argument. A jury was selected, impaneled, and sworn to try the case. Upon the close of the evidence, the trial court took the consideration of the case from the jury and instructed them to find a verdict for the defendant, thus invading the province of the jury. This he had a right and it was his duty so to do, if the case as made for the plaintiff had no standing in fact or law authorizing a recovery. In this ruling we think he was in error, and that the evidence warranted a judgment for the plaintiff and required that he be given a recovery.

The date of Waggoner's assumption of the Burk-Waggoner Oil Company's debts was September 27, 1920. Thereafter a note and several renewal notes were executed by Clois L. Green for the oil company. The evidence does not show that this was done with the knowledge and consent of Waggoner. It is pleaded and proved by the plaintiff that it was in total ignorance of the agreement of Waggoner and Green assuming the debts of the oil company and of their taking over the property of the company at the time they accepted these notes from Green for the oil company. Waggoner's liability was upon the debt as it existed at the time of his assumption of it, and under the facts pleaded and proved by plaintiff and plaintiff's prayer for general relief, it was entitled to judgment for the amount of the debt as it stood at the time of its assumption by Waggoner, with 6 per cent. interest per annum thereon from September 27, 1920.

The judgment of the trial court is therefore reversed, and judgment is here rendered in favor of plaintiff for the sum of $5,062.69, with interest at the rate of 6 per cent. per annum from September 27, 1920, against the defendant Waggoner.