# Kingston Coal Mining Company v. Darnell et ux.

(Decided, December 12, 1930.)

GORDON & GORDON & MOORE and MARSHALL P. ELDRED for appellant.

W. T. HARRIS and E. R. MORTON for appellees.

OPINION OF THE COURT BY JUDGE GRIGSBY—Reversing.

Richard Darnell was working for the defendant, Kingston Coal Mining Company, in its mines in Union county, Ky. On the 27th day of May, 1927, and while so engaged, a mine rail fell from a car striking Richard Darnell on the head, causing an indenture of the skull. On account of this injury, Richard Darnell was disabled for manual labor for a period of two weeks and three days, after which time he returned to work for the defendant and continued to work except a few short intervals until the 25th day of February, 1928, at which time he suffered a paralytic stroke from which he died on the 5th day of March, 1928. The wife and only child of Richard Darnell had died many years ago. The record discloses that for the last sixteen years next before the date of his death the decedent, Richard Darnell, lived in the home with his brother John Darnell, whose wife is named Margaret M. Darnell and who are the plaintiffs in this action. During the first ten years while he lived with plaintiffs, he paid board at the rate of $5 per week.

During this ten years Richard Darnell did not live there continuously. During the last six years Richard Darnell lived continuously in the home of his brother John Darnell. He did not pay regular board to his brother, John Darnell, and to his sister-in-law, Margaret Darnell, but contributed to them most all of his earnings.

The plaintiff and appellee John Darnell is a brother of the deceased and has a wife and eight children, ranging in ages from fifteen months to sixteen years. According to the record in the case, John Darnell has regular employment and is earning $4.35 per day. He owns his own home, which consists of a house and lot in Uniontown. The house has four large rooms and one small one; was built about six years ago and is worth approximately $1,000. The appellee owes $267 on this home. The record discloses that appellee has been reducing this indebtedness at the rate of about $100 per annum.

On May 7, 1928, appellees, John Darnell and his wife, Margaret M. Darnell, filed an application for compensation before the Compensation Board. It was stipulated and agreed that plaintiff and defendant were working under the provisions of the Compensation Act for whatever time Darnell was employed and that the wages were sufficient to justify the allowance of the maximum compensation. On October 16, 1928, one member of the board rendered an award finding that John Darnell and his wife, Margaret M. Darnell, were partial dependents upon the wages of Richard Darnell to the extent of 50 per cent. and adjudging that they recover of the appellant here, Kingston Coal Mining Company, the sum of $6 per week for a period of 295 2/7 weeks from March 5, 1928, with 6 per cent. interest on all past-due awards.

After this award was rendered, the appellant filed its petition for a review by the full board, and on February 19, 1929, the full board handed down a decision in which they said, in part:

"We cannot agree with the award rendered in this case on the 16th day of October, 1928. We cannot conclude from the testimony herein that the plaintiffs were dependent upon the earnings of the deceased for the necessaries of life consistent with their station in life, at the time of the injury of the deceased, Richard Darnell, and for the reason stated herein the award rendered on the 16th day of Octo-

498

ber, 1928, is canceled, set aside and held for naught, and the plaintiff's claim herein is dismissed and they will take nothing thereby.''

The appellees appealed from the decision of the board to the Union circuit court, and that court rendered a judgment on the appeal in favor of the appellees, and the court rendered judgment in part as follows:

''The court being further advised, finds that at the time of the injury and death of Richard Darnell, the plaintiff, John Darnell and his wife, Margaret M. Darnell, were partially dependent on the wages of Richard Darnell to the extent of fifty per cent. and that there was a period of thirty-nine and five-sevenths (39 5/7) weeks between the time of the injury and the time of the death of the said Richard Darnell and the court orders and adjudges that the plaintiffs, John Darnell and his wife, Margaret M. Darnell, recover of the defendant, Kingston Coal Mining Company, the sum of six dollars ($6.00) per week from March 5, 1928, for a period of two hundred and ninety-five and two-sevenths (295 2/7) weeks and six per cent. interest on all past due payments, for all of which execution may issue, to all of which the defendant, Kingston Coal Mining Company, objects and excepts and prays an appeal to the Court of Appeals of the State of Kentucky, which is granted and this cause is stricken.''

To reverse this judgment appellant prosceutes this appeal.

The question before the Workmen's Compensation Board and the only material issue raised in this case is whether the appellees were dependents within the meaning of the Workmen's Compensation Act at the time of the injury of the deceased. The act permits legal presumption of dependency in only three cases: In the case of a wife, who has not voluntarily abandoned her husband, in case of a husband incapacitated from wage earning who has not voluntarily abandoned his wife, and in the case of children under sixteen years of age or over sixteen years of age if incapacitated from wage earning upon the parent with whom such child or children are living or by whom actually supported at the time of the accident.

In other cases questions of dependency become one of fact. The act provides: "In all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of the accident." Kentucky Statutes 1930, sec. 4894. In such cases dependency must be proven with the burden of proof on the party alleging the dependency.

It is well settled in this jurisdiction that where there is no claim of fraud the findings of fact by a Workmen's Compensation Board are conclusive unless there is an entire absence of competent evidence to support them. Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Furnace Coal Mining Co. v. Carroll, 212 Ky. 1, 278 S. W. 171; Darby Harlan Coal Co. v. Fee et al., 214 Ky. 470, 283 S. W. 538. Dosker and Caldwell, in their work on Kentucky's Compensation Law, section 137a, state: "Whether or not a person claiming compensation is partly dependent is always a question of fact for the board to determine." In its decision of February 19, 1929, the compensation board found as a fact that claimants (appellees here) were not dependent on the earnings of deceased. This finding of fact is supported by competent evidence that the plaintiff John Darnell was an able-bodied man, earning $4.35 per day, with money on hand and paying more than $100 a year on his home.

We are of the opinion that there is competent evidence to support the finding by the board that no dependency existed. The circuit court therefore erred in entering the judgment complained of. It is therefore ordered that this case be reversed, and the trial court is directed to set aside its judgment herein and ordered to renistate the order of the Compensation Board dismissing plaintiff's claim.