RENDERED:  JUNE 12, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1118-MR

CITY OF RUSSELL, KENTUCKY                                        APPELLANT


APPEAL FROM GREENUP CIRCUIT COURT
v.        HONORABLE BRIAN CHRISTOPHER MCCLOUD, JUDGE
ACTION NO. 24-CI-00068


CITY OF FLATWOODS, KENTUCKY                                      APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  EASTON, A. JONES, AND MOYNAHAN, JUDGES.

JONES, A., JUDGE:  The City of Russell, Kentucky ("Russell"), appeals from an

August 4, 2025 order of the Greenup Circuit Court granting the motion of the

above-captioned appellees ("Flatwoods") to dismiss Russell's declaratory

judgment action.  We reverse and remand.

# I.  Background

On February 9, 2024, Russell filed a declaratory judgment action in Greenup Circuit Court challenging what it deemed to be Flatwoods's illegal annexation of certain land within Russell's territory.  Flatwoods filed an answer on March 11, 2024, where it denied the allegations of Russell's complaint and raised the statute of limitations as its sole affirmative defense.  Notably, at that time, Flatwoods did not assert that the action was unauthorized or otherwise void because Russell's mayor filed suit without first obtaining approval from the city council.

Discovery proceeded and, on June 27, 2025, Flatwoods filed what it styled as a "motion to dismiss."  The motion did not invoke any civil rule and, for the first time, asserted that Russell lacked the capacity or authority to sue when the action was filed.  In support, Flatwoods cited century-old cases stating that, absent emergency circumstances, a city mayor generally lacks authority to initiate or control litigation on behalf of the city without approval from the city council.[1]  Flatwoods also attached approximately 350 pages of Russell's city council minutes in an effort to demonstrate that the council had never approved the filing of the underlying litigation.

---

[1] *See City of Owensboro v. Weir*, 95 Ky. 158, 24 S.W. 115 (1893); *Galanty & Alper v. City of Maysville*, 176 Ky. 523, 196 S.W. 169 (1917).

In response, Russell argued that its purported "lack of capacity or authority to sue" could not serve as a basis for dismissal because Flatwoods had never raised that defense in its answer. Alternatively, and without waiving that objection, Russell argued that Flatwoods's position lacked merit.

The circuit court addressed the merits of Flatwoods's position and dismissed the action after concluding that Russell lacked the authority to sue when the complaint was filed. With respect to Russell's contention that Flatwoods was procedurally barred from raising the issue, the circuit court explained that Flatwoods's motion had been "properly filed and presented to the Court" because "based on the Court's understanding of the law, the Court believes that the action of the Mayor [in directing the filing of the instant litigation without city council approval] was void ab initio." This appeal followed.

## II. ANALYSIS

Russell presents two overarching arguments on appeal: (1) the circuit court improperly addressed Flatwoods's contention that Russell lacked the capacity or authority to sue; and (2) Flatwoods's contention lacks merit. We address only the first argument because it is dispositive.

The circuit court's sole rationale for deeming Flatwoods's motion to dismiss "properly filed," despite Russell's objection, was its conclusion that Russell's initiation of the underlying litigation was "void *ab initio*." Flatwoods

-3-

advances the same rationale on appeal. And, to be sure, if Russell's filing of the

action was truly void *ab initio*, there would be some merit to that position because

"[a] court may, in a proper proceeding, vacate [a void judgment] at any time. The

lapse of time is no bar to such relief." *Hill v. Walker*, 297 Ky. 257, 180 S.W.2d 93,

95 (1944). *But see Lawrence v. Marks*, 355 S.W.2d 162, 163 (Ky. 1961) ("The

appellee maintains that the question raised by the amended answer, of the illegality

of Lawrence's appointment as ancillary administrator, was one of jurisdiction,

which could be raised at any time. However, it is clear that the question is merely

one of capacity to sue.").

Even if Russell lacked the capacity or authority to sue Flatwoods

when it initiated the underlying litigation, that defect would have rendered the

action merely voidable, not void *ab initio*. Flatwoods's argument was, at its core,

an ultra vires contention—namely, that Russell's mayor exceeded his lawful

authority by initiating litigation without city council approval. As explained long

ago by Kentucky courts:

> The general principle of law is well known and definitely
> settled that the agents, officers, or even city council, of a
> municipal corporation, cannot bind the corporation when
> they transcend their lawful and legitimate powers. This
> doctrine rests upon this reasonable ground: The body
> corporate is constituted of all the inhabitants within the
> corporate limits. The inhabitants are the corporators.
> The officers of the corporation, including the legislative
> or governing body, are mere public agents of the
> corporators. Their duties and powers are prescribed by

statute. Every one, therefore, may know the nature of these duties and the extent of these powers. These considerations, as well as the dangerous nature of the opposite doctrine, demonstrate the reasonableness and necessity of the rule that the corporation is bound only when its agents, by whom, from the very necessities of its being, it must act, if it acts at all, keep within the limits of their authority. Not only so, but such a corporation may successfully interpose the *plea* of ultra vires; that is, *set up as a defense* its own want of power under its charter or constituent statute to enter into a given contract or to do a given act in violation or excess of its corporate power and authority."

*Wurth v. City of Paducah*, 116 Ky. 403, 76 S.W. 143, 145 (1903) (emphasis added) (internal quotation marks and citations omitted).

We have italicized the words "plea" and "set up as a defense" in the above quotation to emphasize an important point: ultra vires contentions— including assertions that a plaintiff lacked the capacity or authority to sue—are not jurisdictional defenses. *See Abbott v. Southern Subaru Star, Inc.*, 574 S.W.2d 684, 688 (Ky. App. 1978). Rather, they are defenses that must be raised in conformity with our civil rules. *See, e.g.*, *Martin v. Kentucky Lands Inv. Co.*, 146 Ky. 525, 142 S.W. 1038, 1040 (1912) ("There is no presumption . . . that a corporation has exceeded its powers. On the contrary, the defense of ultra vires must be pleaded.").

As this Court later explained in *Edwards v. Headcount Management*, 421 S.W.3d 403, 405 (Ky. App. 2014):

"[A]lthough an objection to a party's capacity . . . is not technically speaking an affirmative defense, ***it can be analogized to an affirmative defense and treated as waived if not asserted by motion or responsive pleading***, subject, of course, to the liberal pleading amendment policy of Rule 15." 5A Wright, et al., Fed. Prac. & Proc. Civ. § 1295 (3d ed.). To assert capacity as a defense— whether the basis of that assertion is a plaintiff's capacity to bring suit or a defendant's capacity to be sued— compliance with CR[2] 9.01 is compulsory and non-negotiable. *Abbott v. Southern Subaru Star, Inc.*, 574 S.W.2d 684, 688 (Ky. App. 1978) ("CR 9.01 . . . require[s] that the 'specific negative averment' shall include 'supporting particulars.'").

(Emphasis added.)[3] *See also Lamar v. Unidentified Individuals Holding Themselves Out as Trustees of Center Street Baptist Church*, No. 2018-CA-001708-MR, 2020 WL 3124678, at *3 (Ky. App. Jun. 12, 2020).[4]

Our civil rules prescribe the procedures by which defenses relating to capacity or authority to sue must be raised. CR 8.03 requires that affirmative defenses "shall" be set forth in an answer. Likewise, CR 9.01 requires that

---

[2] Kentucky Rule of Civil Procedure.

[3] CR 9.01 provides: "It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a partnership or an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

[4] This unpublished case is not binding authority. Kentucky Rule of Appellate Procedure ("RAP") 41(A).

challenges to a party's capacity or authority be raised by "specific negative averment." Such defenses may also be raised in a CR 12.02 motion filed in lieu of an answer or, in limited circumstances, in a motion filed after an answer where "the complaint on its face" establishes the viability of the defense. *Underwood v. Underwood*, 999 S.W.2d 716, 720 (Ky. App. 1999). Additionally, when such a defense is raised for the first time in a motion for summary judgment and the opposing party fails to object and instead litigates the issue on the merits, the defense may be deemed properly raised pursuant to CR 15.02. *See Missionaries of Saint John the Baptist, Inc. v. Frederic*, 727 S.W.3d 400, 411 (Ky. 2025).

None of those circumstances occurred here. Flatwoods did not raise its ultra vires defense in either its answer or a CR 12.02 motion filed in lieu of an answer. Nor did the face of Russell's complaint establish the viability of that defense—a point underscored by Flatwoods's reliance upon approximately 350 pages of city council minutes, matters outside the pleadings, to support its position.

Moreover, although a motion for summary judgment may, in some circumstances, serve as a CR 15.02 vehicle for raising an affirmative defense for the first time, that principle applies only where the opposing party fails to object. Here, Russell plainly objected, notwithstanding the circuit court's apparent treatment of Flatwoods's "motion to dismiss" as a motion for summary judgment.

This Court confronted a substantially similar situation in *Carpenter v. Baker*, No. 2008-CA-001524-MR, 2009 WL 1884621 (Ky. App. Jul. 2, 2009).[5] There, as here, the defendant raised an affirmative defense for the first time in a motion for summary judgment. The defendant later sought leave to amend her answer to include the defense, but the plaintiff objected, arguing that the defense had been waived under CR 8.03 because it had not been asserted in a responsive pleading. *Id.* at \*1. Without ruling upon the motion to amend, the circuit court granted summary judgment. This Court reversed and remanded, explaining:

> [I]t was error for Edith to have initially raised the affirmative defense of the release in her motion for summary judgment. This error was compounded by the circuit court's inaction upon Edith's second motion to amend her answer and the court's subsequent entry of summary judgment. The mandates of CR 8.03 were clearly violated.

*Id*. at \*2.

We have no reason to depart from either the rationale or result in *Carpenter*. There, as here, the defense was not properly before the circuit court in the procedural posture presented. Moreover, the record demonstrates that the circuit court's decision to entertain Flatwoods's ultra vires defense did not stem from an exercise of discretion under CR 15.01. Rather, it stemmed from the circuit

---

[5] We cite this unpublished, nonbinding opinion pursuant to RAP 41(A).

court's mistaken belief that ultra vires presents a jurisdictional defect rather than a waivable procedural defense.

Flatwoods nevertheless argues that "the Court of Appeals needs to make a decision concerning the authority of a Mayor to file suit without permission of city council." Flatwoods appears to contend that we should address the merits of its affirmative defense in the interest of judicial economy. We decline to do so. Nor will we disregard our civil rules for that purpose. If Flatwoods wishes to have its ultra vires defense considered, it must first properly raise it.

We express no opinion regarding whether Flatwoods may seek leave to amend its pleadings on remand or whether any such request should be granted. We hold only that dismissal was improper based upon the procedural posture presented here.

## CONCLUSION

Considering the foregoing, the order of the Greenup Circuit Court is REVERSED, and this cause is REMANDED for proceedings not inconsistent with this Opinion.

MOYNAHAN, J., CONCURS.

EASTON, J., CONCURS AND FILES SEPARATE OPINION.

EASTON, J., CONCURRING: We properly reverse and remand this case because of its procedural status, but further direction should be given for this remand

because of the law applicable to the issues presented. We have commented to some degree on the underlying merits by pointing out that the circuit court's conclusion of the mayor's action in question as void *ab initio* was incorrect. We conclude our Opinion with a remand "for proceedings not inconsistent with this Opinion." I would go further because the law is clear on the questions presented, and we do not want to cause any waste of judicial resources and further delay by reploughing any ground.

The parties have complained about the age of the law applicable to the question presented. Old law is not necessarily bad law. Our federal Constitution is proof enough of that. When we examine the old law discussed by the parties, a proper application of that law will render some further proceedings unnecessary.

KRS[6] 83A.130(3) makes it clear that mayors have executive power for cities: "The executive authority of the city shall be vested in and exercised by the mayor. The mayor shall enforce the mayor-council plan, city ordinances and orders and all applicable statutes." Absent an emergency, which was not presented here, a decision to commit the resources of a city to institute litigation is not such a purely executive decision. It requires the authority of the duly elected legislative body of the city.

---

[6] Kentucky Revised Statute.

Well before the enactment of KRS 83A.130(3), the same substantive statutory provision was contained in a prior version of the statute. Our highest court still held to the rule of law that authorization for litigation required approval by the legislative body. *Galantry & Alper v. City of Maysville*, 196 S.W. 169 (Ky. 1917). This case has not been overruled or even questioned by our highest court, and we and the circuit court are bound to follow it. SCR[7] 1.030(8)(a); SCR 1.040(5).

The parties also raised the question of ratification by the city council. Ratification has been recognized as permissible in the context of a mayor's litigation actions. *See Jenkins v. City of Bowling Green*, 88 S.W.2d 692, 693 (Ky. 1935). "[A] municipal body may ratify an act of one of its officials which it could have authorized in the first instance." *Cole v. Burton*, 232 S.W.2d 838, 841 (Ky. 1950).

This being the state of the law, futility is presented by directing action on remand to procedurally "tee up" the same questions again. But there is one question unanswered for some reason, specifically whether all or part of Russell's claim is barred by an applicable statute of limitations.

It remains a mystery why the statute of limitations defense, which was raised in the Answer filed, was not asserted in the dismissal motion. A review of

---

[7] Rule of the Kentucky Supreme Court.

-11-

the pleadings reveals a possible reason. The one-year limitation contained in KRS 81A.427(7) is specific to a particular type of property interest, namely utility infrastructure. The statute has no applicable discovery rule to extend its one-year limitation. This limitation was listed as an "additional" issue in the Answer. The parties did not discuss to what extent the dispute is about such a property interest or whether the case also involves other interests. That will have to be delineated on remand.

But to the extent the annexation did involve utility infrastructure, it would have been appropriate to address the limitations issue, even if Russell had failed to assert in its Answer. This is because a limitations bar may be enforced by dismissal when it "appears on the face of the complaint." *Rather v. Allen County War Memorial Hospital*, 429 S.W.2d 860, 862 (Ky. 1968). The waiver implications in CR 12 would not necessarily prohibit dismissal on this limitations ground, which again was properly raised by Answer before a dismissal motion was filed. The authority for the suit itself does not need to be readdressed because of the ratification by the city council. But the limitations question will have to be fleshed out further on remand.

BRIEFS FOR APPELLANT:

Jeffrey C. Mando
Shelbi L. Schultz
Covington, Kentucky

BRIEF FOR APPELLEE:

R. Stephen McGinnis
Greenup, Kentucky