# NEW PROVIDENCE v. HALSEY.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

Argued March 8, 1886.—Decided March 22, 1886.

In an action at law in a Circuit Court of the United States against a township to recover on bonds issued by the township, the plaintiff is not entitled to recover on bonds transferred to him by citizens of the State in which the town is situated for the mere purpose of being sued in a court of the United States. *Bernard Township* v. *Stebbins*, 109 U. S. 341, affirmed and applied.

A municipal bond in the ordinary form is a promissory note negotiable by the law merchant within the meaning of that term in the act of March 3, 1875. *Ackley School District* v. *Hall*, 113 U. S. 135, affirmed and applied.

The issue of township bonds by commissioners under the act of the legislature of New Jersey of April 9, 1868, " to authorize certain towns in the counties of Somerset, Morris, Essex and Union to issue bonds and take stock in the Passaic Valley and Peapack Railroad Company," was conclusive as to the amount that could be put out under the statute and estopped the township from setting up against a *bona fide* holder that the issue was in excess of the amount authorized.

Opinion of the Court.

In order to avail to stop costs, an offer to submit to entry of judgment should be made in open court, and the court be asked to act thereon, after due notice to the other party.

The case is stated in the opinion of the court.

*Mr. Thomas N. McCarter* for plaintiff in error.

*Mr. Henry C. Pitney* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought by Abraham Halsey, a citizen of California, to recover the amount due on twenty-six bonds, amounting in the aggregate, without interest, to $8200, given by the Inhabitants of the Township of New Providence, New Jersey, for stock in the Passaic Valley and Peapack Railroad Company. It is conceded that Halsey holds in his own right but nine of the bonds, on which there is due, without interest, $900. The rest belong to citizens of New Jersey, who assigned them to him for collection only. Of the nine which he holds in his own right, seven belonged at one time to his father, a citizen of New Jersey, who was a purchaser before maturity for value without notice. Three of these seven came to him on the distribution of his father's estate, and the other four he bought from his brothers and sisters, citizens of New Jersey, who got them in the same way. The remaining two he bought from a brother, who had bought from another brother, who was a *bona fide* holder for value, and both these brothers were citizens of New Jersey. The evidence does not show how much he paid for what he bought, but it does appear that he paid something.

The bonds were issued under the same statute which was before this court for consideration in *Bernards Township* v. *Stebbins*, 109 U. S. 341, and is found fully stated on pages 342, 343, and 344 of that case.

On the trial several questions arose, but the following are all that have been brought to the attention of this court by the argument for the plaintiffs in error:

1. Whether a recovery can be had in this action for the bonds

actually owned by citizens of New Jersey and held by Halsey only to collect for their account.

2. Whether Halsey can recover on the nine bonds he holds in his own right, inasmuch as he got them by assignment from citizens of New Jersey, who could not sue in the courts of the United States, and he is compelled to rely on the title of his assignors to avoid the matters pleaded in bar to the action.

3. Whether the issue of the bonds under the statute by the commissioners appointed for that purpose estops the Township from setting up as a defence against a *bona fide* holder that the original issue was in excess of the amount authorized.

The Circuit Court ruled against the Township on all these questions, and gave judgment upon a verdict of the jury for the full amount claimed, being $15,981.88. To reverse that judgment this writ of error was brought.

It is conceded that the ruling on the first of the questions was wrong, and that the judgment is erroneous to the extent of the bonds not held by Halsey in his own right. That was decided in *Bernards Township* v. *Stebbins*, above referred to.

The second question is disposed of by the case of *Ackley School District* v. *Hall*, 113 U. S. 135, where it was decided that a municipal bond in the ordinary form was "a promissory note negotiable by the law merchant," within the meaning of that term in the act of March 3, 1875, 18 Stat. 470, ch. 137, § 1, which allows a suit on instruments of that class to be brought in the courts of the United States by an assignee, notwithstanding a suit could not have been prosecuted in such court if no assignment had been made. These bonds are of that character. Such being the case, it is a matter of no importance that Halsey makes title to the bonds he owns through assignments by citizens of New Jersey.

The Court of Errors of New Jersey has recently decided in *Cotton* v. *New Providence*, 18 Vroom (47 N. J. L.) 401, following the rule laid down in *Mutual Benefit Life Ins. Co.* v. *Elizabeth*, 13 Vroom (42 N. J. L.) 235, that purchasers of bonds of the issue of those now in suit had the right to rely on the decision of the commissioners as conclusive in respect to the amount that could be put out under the statute. The language of the

court is, "When they [the commissioners] issued bonds they averred that the issue was within the limit. Construing the act by the rule laid down in the case cited, [*Ins. Co.* v. *Elizabeth,*] the legislative intent that their decision on this subject should be final, appears. The holder of the bonds had the right to rely thereon. For this reason I feel constrained to hold that bonds issued beyond the limit would be enforceable." To this we agree, and it is conclusive as to the correctness of the ruling of the court below upon the third question presented.

It follows that the judgment of the court below must be reversed. A question was, however, raised at the argument as to costs. Annexed to the brief of counsel for the defendant in error is a copy of what purports to be an offer by the Township to Halsey, after the decision of this court in *Bernards Township* v. *Stebbins,* and before the record in this case was printed, to allow the judgment to be reversed at once, so far as the bonds not owned by him were concerned, "with permission to the defendant in error to discontinue as to those bonds, and to strike from the record the counts founded thereon," and that as to the other bonds it be affirmed, " and that the court may make such order as to the costs incurred in this court as it shall deem just ; " " or that the court be requested at once to pronounce judgment on the basis of the plaintiff being entitled to recover only upon the bonds " owned by him, " and that as to all the other bonds mentioned in the record the plaintiff was not entitled to recover," under the decision in *Bernards Township* v. *Stebbins.* We are asked now, on account of this offer, to adjudge that the plaintiff in error pay the costs which have been incurred in printing the record, including the clerk's fee for supervising. The offer, although printed in the brief, was not proved at the hearing, but if it had been we could not have given it the effect now asked. Offers of this kind made out of court cannot be considered by us. The offer should have been made in open court and the court asked to act thereon after the township had been notified in due form to show cause against it. The case of *Bernards Township* v. *Stebbins* was decided at the October Term, 1883, and the offer is said to have been made January 24, 1884. There was abundance of

time after the decision in that case had become known for counsel to have applied for an order in the premises before the end of that term, and before the record was printed. This was not done.

The judgment is

*Reversed, and the cause remanded for further proceedings not inconsistent with this opinion.*