## 10391

### STONE v. CITY COUNCIL OF CITY OF GREENVILLE.

(102 S. E. 755.)

1. JUDGMENT—TAXPAYER'S RIGHT TO INJUNCTION AGAINST ISSUANCE OF NOTES BY COUNCIL HELD NOT CONCLUDED.—Order in suit to determine whether city council or fire commissioners had authority to purchase fire apparatus, merely allowing committee of citizens to do purchasing, council to provide means of payment, with necessary implication payment was to be in lawful manner, *held* not conclusive of taxpayer's right to temporary injunction against issuance of notes by city council provided for by act of March 1, 1913 (31 St. at Large, p. 549), claimed to be violative of Const., art. VIII, sec. 7.

2. MUNICIPAL CORPORATIONS—COURT SHOULD HAVE ENJOINED ISSUANCE OF NOTES BY CITY COUNCIL UNDER ACT HELD VOID.—In suit by taxpayer to enjoin city council from issuing notes authorized by act of March 1, 1919 (31 St. at Large, p. 549), for purchase of fire apparatus for city, having held the act void as permitting increase of bonded indebtedness without vote of the people in violation of Const., art. VIII, sec. 7, the trial Court erred in refusing plaintiff's prayer for injunction against issuance of the notes.

3. MUNICIPAL CORPORATIONS—DISCRETION OF COUNCIL IN MANAGEMENT NOT CONTROLLABLE BY COURTS.—It is business of city council, and not of citizens, to determine what is best to be done with regard to city's affairs, discretion being vested in council, and they not being controllable in its exercise by citizens nor by Courts, if they act within law.

4. EVIDENCE—CITY COUNCIL PRESUMED TO ACT WITHIN LAW.—It will always be assumed that city council act within the law until the contrary is made to appear.

Before MAULDIN, J., Greenville, Summer term, 1919. Reversed to the extent indicated in the opinion.

Action by C. B. Stone against the City Council of the City of Greenville. From an order denying temporary injunction, plaintiff appeals.

*Messrs. R. G. Stone* and *Martin & Blythe,* for appellants, submit: *Plaintiff has a prima facie case:* Constitution of 1895, article VIII, sec. 7; 60 S. C. 532; 103 S. C. 11, 20 and 21; 73 S. C. 83; L. R. A. (N. S.) 736; 60 S. C. 532, 556-558; 90 S. C. 352; 103 S. C. 172. *A temporary injunction or restraining order should have been granted and maintained:* 92 S. C. 418; 92 S. C. 348; 69 S. C. 156; 48 S. E. 85; 94 S. C. 207; 93 S. C. 555; 86, S. C. 161, 162; 75 S. C. 220; 55 S. E. 337; 84 S. C. 51; 69 S. C. 554; 48 S. E. Rep. 613; 90 S. C. 165. *The alleged order or decree in the case of Beattie et al. v. City Council et al., does not preclude plaintiff from bringing this case:* 23 Cyc. 1099; 34 Cyc. 1666, quoting Bouvier L. Dict. and citing Freeman Judgm., sec. 252, and cases; 23 Cyc., pp. 1215-16-17-18-1300-1-2; 84 S. C. 196; 90 S. C. 255; 77 S. C. 493; 58 S. E. 424; 23 Cyc. 1230; 94 U. S. 351; 146 U. S. 279; 144 U. S. 610; 101 U. S. 677; 21 U. S. 575; 17 S. C. 35; 49 U. S. 505; 56 S. C. 516; 43 S. C. 15; 78 S. C. 352; 98 S. C. 185; 77 S. C. 493; 215 U. S. 252; 37 C. C. A. 493; 38 C. C. A. 167.

*Messrs. Oscar Hodges* and *Haynsworth & Haynsworth,* for respondents (no citations).

March 29, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

As a citizen and taxpayer of the city of Greenville, plaintiff sued to enjoin the city council from issuing notes authorized by an act of the legislature approved March 1, 1919 (31 Stat. 549), for the purchase of fire apparatus for said city, on the ground that said act is unconstitutional, in that

it permits the increase of the bonded debt of the city, with-- out submitting the question to a vote of the people, as required by section 7 of article VIII of the Constitution and the statutes enacted in pursuance thereof.

The act authorizes the city council to borrow the sum of not exceeding $50,000 for the purchase of additional fire apparatus and the equipment of the fire department of said city, and to issue notes for the amount borrowed, payable in ten annual payments, and requires the levy of a sufficient tax to pay the annual installments and the interest.

Prior to the commencement of this action, a dispute had arisen between the city council and the board of fire commissioners of said city as to which of said bodies had authority to control the fire department and purchase the necessary supplies and equipment therefor, and an action had been commenced by Beattie and other citizens and taxpayers against the city council and said board to determine that question. In that action both the council and the board of fire commissioners had been enjoined *pendente lite* from exercising the authority. But, as action in the premises by somebody appeared to be urgent by consent of all parties, in *Beattie et al. v. City Council et al.,* 102 S. E. 751, an order was passed modifying the previous injunction, so that a committee of citizens agreeable to all parties should select and purchase the necessary apparatus, and the city council should procure the funds and make the necessary appropriation to pay for same.

Plaintiff alleged that said committee selected and recommended the purchase of certain apparatus at and for the sum of approximately $30,000; that the city council intended to pay for same by issuing notes therefor, according to the provisions of the act of March 1, 1919, and not merely by giving notes for money borrowed in anticipation of the collection of the taxes for the current year and to be paid out of such taxes, when collected, as is permissible under the section of the Constitution and statutes above referred to;

that council could not hope to pay for said apparatus out of the income of the current year without so depleting the funds necessary for other municipal purposes as to create a large debt against the city; and that the purchase of said apparatus was unnecessary, as the city already had sufficient apparatus, with the limited force employed, for the protection of the citizens against fire.

On the verified complaint, a rule to show cause was issued, which carried a temporary restraining order against the purchase of the apparatus, or the issuance of notes in payment therefor under the act of March 1, 1919. The answer of the city council contested plaintiffs' conclusions as to the validity of the act of March 1, 1919, and its authority to issue the notes therein authorized, and denied the allegations of fact, except as specifically admitted. They alleged that the citizens' committee had authority, under the order passed in *Beattie et al. v. City Council et al.,* to select and purchase the necessary apparatus, and that their action in the premises was by the terms of said order final and conclusive upon all parties to said cause and all in privity with them, that said committee had actually purchased the apparatus mentioned in the complaint, and the same had been ordered shipped as soon as it could be manufactured and that the only duty the council had to perform was to obtain the necessary funds and make the appropriation to pay for same; and they pleaded said order as *res adjudicata* and conclusive of all matters therein adjudicated. They alleged, further, that if the Court should conclude that the act of March 1, 1919, was unconstitutional, they should be allowed to make such other arrangement as they could to obtain the money to pay for the fire equipment which had been purchased, as above stated.

The case was heard by the Judge at chambers on the pleadings and the record in *Beattie et al. v. City Council et al.* The plaintiff contended that, pending the hearing on the merits, the temporary order should be continued of force.

The Court held that plaintiff was concluded by the order issued in Beattie's case; that the provision of section 7, art. VIII of the Constitution, applies only to "bonded debts," and does not forbid a city from making contracts involving other liabilities which may be necessary in the discharge of its governmental or administrative functions, such as the liability here involved; nevertheless the Court held that the act of March 1, 1919, was unconstitutional.   But the Court held also that, as the city council had not yet determined the method which it would adopt in discharging the liability, and that as it might meet it out of the income from taxes and licenses for the current year, or by the issuance of bonds, after submission of the question to a vote of the people, or in some other constitutional manner, plaintiff was not entitled to the temporary injunction prayer for, and refused the same.

The reasoning and conclusions of the Circuit Judge are apparently conflicting.   However, we think he was in error in holding that plaintiff's right to a temporary injunction against the issuance of the notes provided for by the act of 1919 was concluded by the order in *Beattie et al. v. City Council et al.*   The issue here was not involved in that case at all.   The issue there was as to whether the council or the fire board had authority to purchase the apparatus.   The order merely allowed a committee of citizens to do the purchasing, and the city council was to provide the means of payment.   Nothing whatever was said as to the manner in which payment was to be made.   It was necessarily implied that it was to be done in a lawful manner.

Counsel for the city said in the argument of this case that the city makes no claim that it can proceed under the act of 1919, and that it does not intend to issue the notes authorized by the act.   If counsel had made that admission to the Court below and its order had been in conformity therewith, there would have been no necessity for this appeal.

But, according to the showing made at the hearing below, it appears to us that plaintiff was entitled at least to an injunction against the issuance of the notes authorized by the act of 1919. That was primarily the relief 2-4 sought. He alleged that council intended to issue the notes authorized by that act. They did not specifically deny that such was their intention, but impliedly admitted it by contending that they had the right to do so. Having held that act void, the Court erred in refusing plaintiff's prayer for an injunction against the issuance of the notes authorized by it. *Cudd v. Calvert,* 54 S. C. 457, 32 S. E. 503. As to other matters involved, we agree with the Court below. It is the business of council, and not of the citizens, to determine what is best to be done with regard to the city's affairs. The discretion is vested in council by law, and they are not to be controlled in its exercise by the citizens, and not even by the Courts, provided they act within the law, and it will always be assumed that they will so act, until the contrary is made to appear. If they go beyond the law, the person who deals with them in so doing does so at his risk.

The order appealed from is reversed to the extent above indicated.

Reversed.