12253

THOMSON v. CHRISTOPHER *ET AL.* SCHOOL DIST. TRUSTEES

(139 S. E., 178)

1. SCHOOL AND SCHOOL DISTRICTS—NOTES OF LANDRUM SCHOOL DISTRICT No. 45 NOT ISSUED UNDER SEAL HELD NEVERTHELESS PART OF "BONDED DEBT" OF DISTRICT (ACT MARCH 12, 1926 [34 ST. AT LARGE, P. 1694]; CONST. ART. 10, § 5).—Notes of Landrum School District No. 45, issuance of which was authorized by Act March 12, 1926 (34 St. at Large, p. 1694), though not issued under seal, *held* primary obligations of the district primarily secured by a tax levied on all taxable property therein, and hence part of "bonded debt" of district within Const. Art. 10, § 5.

2. BONDS—SEAL IS ORDINARILY AND TECHNICALLY EARMARK OF BOND, BUT ITS ABSENCE WILL NOT ALONE DETERMINE NATURE OF PROPOSED OBLIGATIONS.—Ordinarily and technically a seal is one of the earmarks of a bond, though its presence or absence will not alone determine nature of proposed obligations.

3. MUNICIPAL CORPORATIONS—CONTROLLING ELEMENT OF "BONDED DEBT" OF POLITICAL SUBDIVISION OF STATE IS A PRIMARY OBLIGATION OF SUCH SUBDIVISION SECURED PRIMARILY BY TAX ON ALL TAXABLE PROPERTY THEREIN (CONST. ART. 10, § 5).—The most important element of the "bonded debt" of a political subdivision of the State as that term is used in Const. Art. 10, § 5, is a primary obligation of the political subdivision involved and secured primarily by a tax levied on all taxable property therein.

In the original jurisdiction.   Injunction granted.

Original action by B. F. Thomson against R. G. Christopher and others, as trustees of Landrum School District No. 45 of Spartanburg County, to enjoin the issuance and sale of certain notes of the school district.

*Messrs. Thompson & McConnell,* for petitioner, cite: *Case at bar governed by:* 133 S. C., 156.

*Messrs. Nicholls, Wyche & Byrnes,* for defendants, cite: *"Bonds":* 4 R. C. L., 47. *Notes are not a part of the*

*bonded indebtedness, as contemplated by Sec. 5, Art. 10, Const. 1895:* 103 S. C., 10. *Cases distinguished:* 133 S. C., 165.

August 25, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action brought in the original jurisdiction of this Court by a taxpayer of Landrum School District No. 45 of Spartanburg County to restrain the respondents, the trustees of the district, from issuing and selling certain notes of the district in the sum of $20,000.00.

The petition cites the provisions of an Act of the General Assembly approved March 12, 1926 (34 Stat. at Large, p. 1694), authorizing the trustees of the district to issue and sell notes of the district in the sum of $20,000.00, sets out the assessed valuation of the taxable property in the district and the outstanding bonded debt thereof, and alleges that, while the Act prescribes that the evidence of the proposed new indebtedness shall be in the form of notes, in reality these notes will amount to and constitute bonds of the district and that their issuance will raise the bonded indebtedness of the district beyond the 8 per cent. limitation prescribed by Section 5 of Article 10 of the State Constitution.

Upon the verified petition Mr. Justice Cothran issued an order temporarily restraining the respondents from issuing and selling the notes and directing them to show cause why the injunction should not be made permanent. By way of return the respondents (1) demurred to the petition on the ground that it does not state facts sufficient to constitute a cause of action; and (2) answered, admitting the allegations of the petition as to the assessed valuation of the taxable property in the district and the outstanding bonded indebtedness thereof, but denying that

the notes will constitute bonds of the district and that their issuance will raise the bonded indebtedness of the district beyond the constitutional 8 per cent. limitation, and alleging particularly that the notes are not under seal and, therefore, are not bonds of the district.

Section 5 of Article 10 of the State Constitution contains the following provisions:

"The bonded debt of any county, township, school district, municipal corporation or political division or subdivision of this State shall never exceed eight per centum of the assessed value of all the taxable property therein. And no county, township, municipal corporation or other political division of this State shall hereafter be authorized to increase its bonded indebtedness if at the time of any proposed increase thereof the aggregate amount of its already existing bonded debt amounts to eight per centum of the value of all the taxable property therein as valued for State taxation."

The material portions of the Act under which it is proposed to issue the notes are as follows:

"Be it enacted by the General Assembly of the State of South Carolina: That the Trustees of Landrum School District No. 45 of Spartanburg County be, and they are hereby, authorized and empowered to borrow the sum of not exceeding twenty thousand ($20,000.00) dollars at a rate of interest not to exceed eight per centum (8%) per annum, to be used for the purpose of erecting, equipping, and maintaining a building and school to be used for school purposes within the said district, and that said trustees shall make and deliver their obligations in the form of notes for such amount as may be so borrowed, with interest, said obligation to become due and payable not more than ten (10) years from date thereof.

"That the County Auditor for Spartanburg County be, and he is hereby, authorized and directed to levy on the

assessed property in said school district for a period of six (6) years, beginning with the year 1926, a sufficient number of mills, in addition to the levy already authorized, to pay off whatever amount is borrowed by said trustees under this Act, and interest on same.

"That said trustees are authorized to pledge for the payment of said obligations any general or special school taxes belonging to or to belong to said school district not otherwise appropriated, for the payment of said debt." Sections 1–3.

The sole question involved is whether the issuance and sale of the notes will increase the bonded debt of the district beyond the 8 per cent. limitation provided by the Constitution, and the answer to this question will be determined by deciding whether or not the proposed obligations, though in the form of notes, in reality will be a part of such bonded debt within the purview of the Constitution.

The respondents' main contention is that the proposed notes will not be a part of such bonded debt for the reason that they will not be under seal.

In *Duncan v. Charleston,* 60 S. C., 532; 39 S. E., 265, the following is quoted with approval from 4 A. & E. Ency. of Law, at page 620:

"In the technical sense, a bond is an obligation in writing and under seal, binding the obligor to pay a sum of money to the obligee. * * * Under this definition is included every sealed obligation for the payment of money, whether absolutely or upon condition."

In the same case it is said:

"Any indebtedness, the payment of which is secured by a contract under seal, is a bonded indebtedness."

Ordinarily, and technically, the seal is one of the earmarks of a bond, but to allow the presence or absence of a seal to determine the question here presented, regardless of the nature, purpose, and effect of the

proposed obligations, might result in sacrificing substance to form and in allowing a technical definition to prevail over the substantial merits of the question. It comports more nearly with reason and a proper judicial attitude toward the fundamental law as expressing the supreme will of the people, to decide the question, not upon technical grounds, but with reference to the material elements of the proposed obligations. Hence, we do not consider the absence of the seal from the obligations as decisive of their nature.

In *Jackson v. Breeland,* 103 S. C., 184; 88 S. E., 128, the Court said, with reference to Section 5 of Article 10 of the Constitution:

"Construing this section as a whole, it is perfectly apparent that the bonded indebtedness therein referred to means indebtedness contracted for corporate purposes pursuant to law and to be paid out of taxes to be levied upon all the property within the corporate boundaries."

As we see it, the most important element of the "bonded debt" of a political subdivision of this State, as that term is used in Section 5 of Article 10 of the Constitution, are that such a debt must be a primary obligation of the political subdivision involved and must be secured primarily by a tax levied upon all the taxable property therein. *Barnwell v. Matthews,* 132 S. C., 314; 128 S. E., 712. An examination of the statute shows that both of these elements are unmistakably found in the notes proposed to be issued, and we think, therefore, that, regardless of the absence of the seal, the notes must be considered as part of the bonded debt of the district.

It has been held in several cases in this State that the obligations of a political subdivision which are merely guaranties or other contingent obligations of the subdivision or are secured by the pledge of a fund which might reasonably be expected to be sufficient to meet the obligations without resort to a property tax would not constitute

bonded debt within the meaning of the constitutional limitation, notwithstanding that the full faith, credit, and tax power of the subdivision were pledged for the payment of the obligations. *Briggs v. Greenville County,* 137 S. C., 288; 135 S. E., 153, and cases cited; *Evans v. Beattie,* 137 S. C., 496; 135 S. E., 538, and cases cited.

But in the present case the obligations are not guaranties and do not constitute contingent liabilities. The proposed notes, under the terms of the Act, are to be issued upon the credit of the school district, and the County Auditor is expressly directed to levy for six years a sufficient tax on the assessed property in the district to pay the notes and interest thereon. It is true that the trustees are authorized to pledge for the payment of the notes any general or special school taxes of the district not otherwise appropriated, but this provision is too remote and indefinite to constitute any fund for the payment of the notes so as to render the liability of the taxpayers contingent, even if the payment of the notes from such funds would have that effect.

This Court has recently held that notes which were bonds in everything but name should be deemed to be bonds within the meaning of the constitutional limitations. *Briggs v. Greenville County, supra.* The obligations proposed to be issued in the present case possess all the attributes of bonds except the name and the seal. To hold that these so-called notes would not constitute a part of the "bonded debt" of the district within the meaning of the constitutional limitations would be tantamount to saying that the district can do through indirection what it cannot do directly. If notes such as these do not constitute part of the bonded debt of the district, then the Legislature may, at its pleasure, disregard the 8 per cent. constitutional limitation and lay an unlimited primary obligation upon any political subdivision of the State.

It is, therefore, the judgment of this Court that the prayer of the petitioner be granted, and that the defendants, and each of them, be perpetually enjoined from executing, issuing, selling, or otherwise disposing of the notes or obligations authorized by the Act herein mentioned.

Mr. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.