12578

SEABORN *ET AL.* v. SCHOOL DISTRICT NO. 42, OCONEE COUNTY

(146 S. E., 675)

*Messrs. J. R. Earle,* and *M. C. Long,* for appellant,

*Messrs. Herndon & Thompson,* for respondents,

February 8, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

On the 28th day of December, 1926, the plaintiffs, as Receivers of the Enterprise Bank, brought two actions, one action against the defendant school district, and H. H. Grant, P. S. Rochester, and E. B. Haggerty, as trustees of defendant school district, and against A. C. Whitten, J. A. Sloan, and P. L. Green, former trustees of defendant school district. That action was based upon a note for $4,160.82, dated July 8, 1920, made by A. C. Whitten, J. A. Sloan, and P. L. Green, as Trustees of Salem School District No. 42, and indorsed by J. A. Sloan, A. C. Whitten, and P. L. Green; and another action (this action) against defendant school district alone.

The two actions, by consent, were heard together on the circuit, and at the conclusion of all the testimony, the Circuit Judge, in the action against the school district and trustees, directed a verdict for all of the defendants, and as there was no appeal from the order directing a verdict in that case, that case is not before the Supreme Court.

The Circuit Judge refused the motion to direct a verdict in the action brought against the school district alone, and this is the action that is now before this Court.

This action was commenced by the service of the summons on or about the 28th day of December, 1926. The purpose of the action is to recover of the Salem School District No. 42 of Oconee County, S. C., the sum of $3,970.40,

with interest thereon from the 1st day of January, 1921, at the rate of 7 per cent. per annum, for the plaintiff, the Enterprise Bank, by its Receivers, George Seaborn and Broadus Thompson. The defendant duly interposed its demurrer to the said complaint.

The case came on to be heard before his Honor, Judge T. S. Sease, presiding, who overruled the defendant's demurrer, whereupon the defendant immediately answered, and the case proceeded to trial before a jury on the issue of money had and received. The jury rendered a verdict for the plaintiff in the following form: "We the jury have agreed to grant plaintiff verdict against defendant to the amount of four thousand eight hundred and fifty-nine dollars, so say we all." Upon this verdict judgment was entered for $4,859.00, on the 3d day of November, 1927, from which due notice of appeal to the Supreme Court was given. The exceptions that raise the question that the Receivers cannot maintain this suit and that the defendant cannot be sued is overruled as being without merit.

The school trustees exceeded their authority in borrowing money from the bank; their act was illegal; while it is hard for the bank to lose its money, yet, if the bank had investigated, it would have known that the trustees were exceeding their authority.

The school district has no funds with which to meet the judgment, and to require the schoolhouse to be turned over for its debt would be unjust to the people of the school district. It would penalize the school district for the unlawful act of the trustees of any school district to do by subterfuge and indirectly what they could not do under the law directly.

Mr. Justice Stabler said in *Thomson v. Christopher et al., Trustees,* 141 S. C., 92, 97, 139 S. E., 178, 180: "This Court has recently held that notes which were bonds in everything but name should be deemed to be bonds within the meaning of the constitutional limitations. *Briggs v. Greenville County, supra.* The obligations proposed to be issued in the

present case possess all the attributes of bonds except the name and the seal. To hold that these so-called notes would not constitute a part of the 'bonded debt' of the district within the meaning of the constitutional limitations would be tantamount to saying that the district can do through indirection what it cannot do directly. If notes such as these do not constitute part of the bonded debt of the district, then the Legislature may, at its pleasure, disregard the 8 per cent. constitutional limitation and lay an unlimited primary obligation upon any political subdivision of the State."

The judgment is reversed, and complaint dismissed.

· MESSRS. JUSTICES COTHRAN, BEASE, STABLER, and CARTER concur.