13316

MURCHISON NATIONAL BANK v. HAMER *ET AL.*

(161 S. E., 877)

Messrs. *Samuel Want* and *Melvin Hyman,* for appellant,

Mr. *Preston B. Thames,* for respondent,

January 5, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

While this cause is an action at law, the parties consented, as they had the legal right to do, for a trial, both as to the law and facts, by the Circuit Judge, with reference first to the Master.

> Since the cause is at law, we are bound by the findings of fact of the Circuit Judge, if there was any competent and relevant evidence to support his findings.

> The Circuit Judge, disregarding any incompetent evidence which may have been introduced before the Master, has found that there was sufficient competent

evidence to show that the respondent, Mrs. Hamer, was indorser, and not a maker, of the promissory note, the subject of the action. We think he was entirely correct, for the letter referred to in the Master's report, written by the payee of the note, showed that it was the intention of all the parties that Mrs. Hamer was only to become indorser of her husband's note.

There can be no doubt of the relevancy and competency of that letter as evidence. It clearly appears, too, that the indorser was not given the required notice as to the dishonor of the note, and that she did not waive the giving of such notice.

If the promissory note before maturity, for value, had passed into the hands of a third party, questions not involved here might be raised; but the action was between the original payee, since deceased, represented by his administrator, and the signers of the note.

The report of the Master and the decree of the Circuit Judge will be reported.

It is needless to refer to all the exceptions, but they have been considered and are overruled.

The decree of Judge Shipp, appealed from, is affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur

MR. JUSTICE COTHRAN did not participate on account of illness.