M<small>R</small>. C<small>HIEF</small> J<small>USTICE</small> B<small>LEASE</small>, M<small>R</small>. J<small>USTICES</small> S<small>TABLER</small> and B<small>ONHAM</small> and M<small>R</small>. A<small>CTING</small> A<small>SSOCIATE</small> J<small>USTICE</small> W. C. C<small>OTHRAN</small> concur.

13905

TARVER v. TOWN OF JOHNSTON

(175 S. E., 821)

*Messrs. Williams & Busbee,* for appellant,

*Messrs. Thurmond & Thurmond* and *T. B. Greneker,* for respondent,

334

September 17, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

The Town of Johnston, according to the allegations of the complaint herein, was due the Bank of Western Carolina the sum of $13,042.41 as principal, interest, and attorneys' fees. The note was dated January 13, 1931, was for $13,-900.00, and was due November 15, 1931. Certain credits were made upon the note; the amount above set forth being the amount for which suit was brought by the receiver of the bank in April, 1932.

The complaint was a regular suit on a note; the usual allegations being employed.

The answer of the town admitted the execution of the note, but denied liability thereon, alleging that the note sued upon was a bonded debt, was not authorized by a vote of the qualified voters of the town, and hence was void. The controversy was submitted to the Circuit Judge for trial without a jury, testimony was taken, and a decree rendered in favor of the town. The receiver has appealed.

As far back as December 29, 1925, the town executed its first note to the bank, and since then has constantly renewed the original note, borrowed additional money, made numerous payments, but at no time was ever out of debt to the bank. Only the note sued upon is set out in the transcript, but it is presumed that all of the other notes were of like tenor. This note was given by the mayor and town clerk; it promised to pay the sum above stated at the time above mentioned bearing interest at 7 per cent.; it certified that it was issued in accordance with a resolution of the town council duly adopted; it certified that everything necessary to be done precedent to the issuance of the note was done in strict compliance with the Constitution and laws of the State; that it was within the debt limit prescribed by the Constitution

of the State. As security for payment, the note pledged the full faith and credit of the Town of Johnston and the current taxes for the year 1931.

The resolution referred to in the note was passed by the town council on January 12, 1931, and was in these words: "Resolved that the Mayor and Clerk be authorized and empowered to renew two notes, now due at the Bank of Western Carolina. One being for the amount of Eleven Thousand Nine Hundred ($11,900.00) Dollars and the other for the amount of Two Thousand ($2,000.00) Dollars and to borrow Eight Hundred ($800.00) Dollars with which to pay interest on same. Hereby pledging the tax for current years as collateral."

We are not interested at this time in either the $2,000.00 item or the $800.00 item referred to in the resolution of the council.

Article 8, § 7, of the Constitution, provides that no city or town in this State shall incur a bonded debt in excess of 8 per cent. of the assessed value of the taxable property therein. However, in the same section it is said that the above section shall not prevent the issuing of certificates of indebtedness in anticipation of the collection of taxes for amounts actually contained in the taxes for the year when such certificates are issued and payable out of such taxes.

Section 7442 of the Code, in accordance with the constitutional provision, provides that such city or town may, as occasion may require, borrow money for corporate purposes on notes and pledge the taxes levied in said year for payment.

Taking up first the position of the defendant town that the note of $13,900.00 produced an excess of indebtedness over the constitutional limit of 8 per cent. of the property values for taxation, we find the following facts to be true:

The assessed value of the taxable property in the town for the year 1931 was $294,000.00, and 8 per cent. of this would be $23,520.00, leaving a margin

of some $9,600.00. However, the town had borrowed $15,-000.00 from the water commission, and this amount, added to the $13,900.00 would make the indebtedness $28,900.00, an amount considerably in excess of the permitted limit. The so-called water commission is not a separate entity capable of contracting with the town, but is merely a department of the town itself, and any amount borrowed from the water commission is nothing more than an amount borrowed by the town from itself. This amount could not be considered such an existing indebtedness as would affect the constitutional limitation. It is doubtful whether the town ever expects to repay the amount to the water commission, and certain it is that the water commission is not such a separate entity as could compel payment. This objection to the note cannot be sustained.

If the obligation of the town, which is the subject of the suit herein, be considered a note for corporate purposes given in anticipation of the collection of taxes in the fiscal or current year, then judgment should be for the plaintiff. If the note be a bond of the town, then it is invalid, and there was no election to authorize it.

The town takes the position that this is a law case and that the findings of fact by the Circuit Judge will not be reviewed by this Court if there be any evidence to sustain such findings. This is the well-accepted rule, as is shown by such cases as *Weston v. Morgan,* 162 S. C., 177, 160 S. E., 436; *Murchison Nat. Bank v. Hamer,* 164 S. C., 52, 161 S. E., 877, and numerous other cases, but we do not think the rule is applicable in the present case. Here there is no dispute as to the facts, they being admitted, and the Circuit Judge has declared the law as he saw it from those facts. To hold otherwise would deprive the losing party of the right of appeal in every case where the facts are admitted.

An examination of the Constitution, the Code, and the following cases convinces us that the obligation sued upon in this case is in the nature of a bonded

debt rather than a tax anticipation note, and is void as not being authorized by a vote of the qualified voters of the town: *Bolton v. Wharton,* 163 S. C., 265, 161 S. E., 454, 86 A. L. R., 1101; *Thomson v. Christopher,* 141 S. C., 92, 139 S. E., 178; *Barnwell v. Matthews,* 132 S. C., 314, 128 S. E., 712; *Seaborn v. School District,* 149 S. C., 78, 146 S. E., 675; *Stone v. City Council,* 113 S. C., 407, 102 S. E., 755.

From these authorities, from the admitted facts, and from the obligation itself, we draw the conclusions that the obligation, as given, was for a past-due indebtedness and not for current expenses; that it was given under the seal of the town, and is in form more a bond than a note; that the bank furnished no money to the town at the time of the execution of the note, and hence no money was derived therefrom with which to pay current corporate expenses; that the full faith and credit of the town is pledged for the payment of the obligation as well as the taxes for the year 1931, and no tax anticipation notes permitted by law allow the full faith and credit of the town to be pledged as payment, only the taxes for the current year being applicable to that purpose. All of these conclusions go to negative the idea that the obligation was other than a bonded debt.

The decree of the Circuit Judge was based solely on the case of *Luther v. Wheeler,* 73 S. C., 91, 52 S. E., 874, 4 L. R. A. (N. S.), 746, 6 Ann. Cas., 754. The main holding in that case was based upon the ground that the Town of Prosperity could not issue a valid note, for the reason that it had less than 1,000 population and there was no law permitting towns of that size to issue notes. Johnston does not come in that class, being a town of more than a thousand inhabitants, and being permitted to issue tax anticipation notes according to law. The Circuit Judge also held that, if the plaintiff had any remedy, it was for money had and received, under the case of *Luther v. Wheeler, supra.* As this suggestion, however, is not an issue before us, we express

no opinion thereabout. In affirming the Circuit decree, we do so in the result only.

Judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.