## CITY OF FLORENCE v. ANDERSON et al.
### No. 4228.

Circuit Court of Appeals, Fourth Circuit.
April 5, 1938.

William H. Smith, of Florence, S. C. (J. D. Gilland, of Florence, S. C., on the brief), for appellant.

Lanneau D. Lide, of Marion, S. C. (Lide & Schoolfield, of Marion, S. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment for the balance due on four negotiable promissory notes of $10,000 each issued in the year 1931 by the City of Florence, S. C. The notes were payable to bearer, and pledged the faith and credit of the city to their payment. They were issued pursuant to resolutions of the city council directing that the taxes of that year be pledged for their payment, and contained recitals to the effect that they were issued pursuant to resolution of the council, that all conditions precedent to their issuance had been performed in strict compliance with the Constitution and laws of the state, and that they were within "every debt and other limit prescribed by law." They were acquired by a national bank and were pledged by it before maturity with the state treasurer to secure a deposit of state funds. Upon the failure of the bank they were sold to enforce the rights of the pledgee, were acquired upon the sale by plaintiff Anderson, and were pledged by him as collateral security to his coplaintiff, the Wilmington Savings & Trust Company. It was shown upon the hearing that at least three of the notes were issued to pay off pre-existing indebtedness of the city which matured during the year 1931, and that the total of tax anticipation notes issued during that year was $333,000, or more than double the amount of the current taxes. It was not shown, however, that the bank or any subsequent holder of the notes had knowledge of these facts; and there is no contention that when the state treasurer took the notes in pledge he did not acquire them in good faith and for value.

The case was heard by the court below without a jury. The city contended that the notes were payable only out of taxes for the current year, and that they were invalid because issued, not for current expenses, but to pay a pre-existing indebtedness, and also because the aggregate of the notes issued during the year exceeded the year's taxes. These points were saved by motion for judgment on the ground of the alleged insufficiency of the evidence and by exceptions to the exclusion of testimony offered.

The first question to be determined is whether the notes sued on are negotiable instruments pledging the general credit of the city, or whether they are mere non-negotiable certificates of indebtedness payable only out of the taxes of the current year. This is the same question which we have just decided contrary to the contention of the city in the case of City of Georgetown v. Elliott et al., 4 Cir., 95 F. 2d 774; and in accordance with our decision there we hold that the notes, which are in form negotiable municipal obligations, were authorized as such by section 4554 of the Civil Code of 1922, and that there is nothing in article 8, § 7, of the Constitution of the state, which prevents a municipal corporation issuing tax anticipation notes of this character. Our reasons for so holding are fully set forth in the opinion in that case, and need not be repeated here.

And we think it clear that the rights of plaintiffs with respect to the notes are those of a holder in due course. The city points to the fact, in this connection, that the notes were acquired by plaintiffs after maturity; but, while the fact is true, it is immaterial, since plaintiffs acquired them through the state treasurer, who was a holder in due course, and there is no contention that plaintiffs were parties to any fraud or illegality. They have all the rights, therefore, of the state treasurer with whom the notes were pledged before maturity. Code S.C.1932, § 6809; Farr-Barnes Lumber Co. v. Town of St. George, 128 S.C. 67, 122 S.E. 24; Montclair Township v. Ramsdell, 107 U.S. 147, 2 S.Ct. 391, 27 L.Ed. 431.

We have, then, tax anticipation notes issued by a municipality which is authorized by law to issue notes of that character, and we have them in the hands of holders

in due course clothed with all the rights of bona fide purchasers for value without notice and before maturity. We have, moreover, recitals in the notes themselves that all conditions precedent to their issuance have been complied with in accordance with the Constitution and laws of the state, of South Carolina, and that they are within every debt and other limit prescribed by law. These recitals were made by the officials of the city upon whom rested the legal duty of determining whether the issuance of obligations of that character was necessary for the corporate purposes of the city and whether they were within the limits of anticipated tax collections for the current year; and we think that the law is well settled that, as against bona fide holders for value, such recitals are binding upon the city and may not be contradicted by proof that the notes were not issued for a proper corporate purpose, or were in excess of the year's taxes. The rule applicable was well stated by Judge Soper, speaking for this court in Starmount Co. v. Ohio Sav. Bank & Trust Co., 4 Cir., 55 F.2d 649, 654, as follows: "It is well settled that recitals by officers of a municipal corporation, vested with power to perform the conditions precedent to the issue of negotiable bonds, that all constitutional and legal requirements necessary to authorize the issuance of bonds have been met in a particular case, preclude an inquiry into the truth of the recitals against an innocent purchaser for value."

■ It is true that municipal obligations issued to raise money for an unauthorized purpose are generally void, even in the hands of bona fide holders for value. Parkersburg v. Brown, 106 U.S. 487, 1 S. Ct. 442, 27 L.Ed. 238. But when the obligations contain recitals showing them to have been issued for a purpose within the power of the municipality, such recitals made by those authorized to determine the question will estop the municipality from asserting as a defense thereto, as against innocent holders, that they were in fact issued for some other purpose not within its powers. Moran v. Commissioners of Miami County, 2 Black 722, 732, 17 L.Ed. 342; Hackett v. Ottawa, 99 U.S. 86, 96, 25 L.Ed. 363. While the recitals in the notes here do not show that they were issued as tax anticipation notes, they do show that they were issued pursuant to a resolution of the council and that the conditions prescribed by the Constitution and laws of the state had been complied with; and as the municipality had power to issue notes in anticipation of the collection of taxes, and not otherwise, this is a sufficient certificate that they were issued pursuant to that power. As to recitals to the effect that the notes were within the debt limit, the rule applicable is well stated in Chaffee County v. Potter, 142 U.S. 355, 363, 12 S. Ct. 216, 219, 35 L.Ed. 1040, as follows: "Of course, the purchaser of bonds in open market was bound to take notice of the constitutional limitation on the county with respect to indebtedness which it might incur. But when, upon the face of the bonds, there was an express recital that that limitation had not been passed, and the bonds themselves did not show that it had, he was bound to look no further." See, also, Presidio County v. Noel-Young Bond & S. Co., 212 U.S. 58, 29 S.Ct. 237, 53 L.Ed. 402; Gunnison County v. Rollins & Sons, 173 U.S. 255, 19 S.Ct. 390, 43 L.Ed. 689; New Providence Township v. Halsey, 117 U.S. 336, 6 S.Ct. 764, 29 L.Ed. 904; Buchanan v. Litchfield, 102 U.S. 278, 290, 26 L.Ed. 138; Humboldt Township v. Long, 92 U.S. 642, 23 L.Ed. 752; Marcy v. Oswego Twp., 92 U.S. 637, 23 L.Ed. 748; Town of Coloma v. Eaves, 92 U.S. 484, 491, 23 L.Ed. 579; note 17 Ann.Cas. 1245 and cases cited.

The city relies upon Dixon County v. Field, 111 U.S. 83, 4 S.Ct. 315, 28 L.Ed. 360, but as pointed out by the Supreme Court in Chaffee County v. Potter, supra, the fact that the bond issue dealt with in the Dixon County Case was in excess of legal authority appeared upon the face of the bonds themselves. Here no lack of authority appeared upon the face of the notes. The city was authorized, as we have seen, to issue tax anticipation notes, and these notes were issued as such. They did not show that they were issued to pay a pre-existing indebtedness, nor that the legal limit, i. e., the amount of the current taxes, was being exceeded. The case of Bolton v. Wharton, 163 S.C. 242, 161 S.E. 454, 459, 86 A.L.R. 1101, is also relied on; but the notes in that case were not issued as tax anticipation notes,. and their issuance was clearly beyond the power of the municipality. In Tarver v. Town of Johnston, 173 S.C. 333, 175 S.E. 821, also relied on, the note in suit was not held by a bona fide holder for value without notice but by the receiver of the bank to which it had been issued as a renewal of existing indebtedness, and which had full

notice of the circumstances surrounding its issuance.

■ A minor point is to the effect that three of the notes were void because issued during one fiscal year of the city and made payable in the next. We see nothing in this which could affect the rights of a bona fide holder for value, who certainly is not chargeable with notice as to the bookkeeping methods of the city.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.