## ELY CONST. CO. v. TOWN OF TIMMONSVILLE, S. C.

### No. 5120.

Circuit Court of Appeals, Fourth Circuit.

Nov. 8, 1943.

John A. Chambliss, of Chattanooga, Tenn. (Sizer, Chambliss & Kefauver, of Chattanooga, Tenn., on the brief), for appellant.

P. H. McEachin, of Florence, S. C. (W. T. McGowan, of Timmonsville, S. C., and McEachin & Townsend, of Florence, S. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment for defendant in an action instituted against the Town of Timmonsville, S. C., to recover the balance due on a promissory note. The court below denied recovery on the grounds that the note was issued without authority and in contravention of constitutional and statutory provisions and that it was barred by the statute of limitations. We think that the judgment should be sustained on both grounds.

It appears that the note was not a tax-anticipation certificate nor was it given for goods or services had and received for the benefit of the town and with reasonable expectation that they could and would be paid from revenue of the current year. Cf. United States Rubber Products v. Town of Batesburg, 183 S.C. 49, 190 S.E. 120, 110 A.L.R. 144; Luther v. Wheeler, 73 S.C. 83, 52 S.C. 874, 4 L.R.A.,N.S., 746, 6 Ann.Cas. 754. On the contrary, it was given in payment for paving done after the proceeds of a bond issue authorized by the voters had been exhausted and with the understanding that it was to be paid for in future years. Its issuance clearly contravened Art. 8, Sec. 7, of the Constitution of South Carolina and Sec. 7442, of the South Carolina Code. Bolton v. Wharton, 163 S. C. 242, 161 S.E. 454, 86 A.L.R. 1101; Tarver v. Town of Johnston, 173 S.C. 333, 175 S. E. 821.

The action is admittedly barred by the statute of limitations unless the running of the statute is held to have been tolled by a letter written by an attorney at law to plaintiff with reference to settlement of the note. In the letter the attorney stated that he was acting for the town; but there is no evidence that he was properly authorized to bind it in this matter. See 37 C. J. 1136; 34 Am.Jur. 262; Taylor v. Perryville, 132 Md. 412, 415, 104 A. 475; Wurth v. City of Paducah, 116 Ky. 403, 76 S.W. 143, 105 Am.St.Rep. 225 and note; City of Houston v. Jankowskie, 76 Tex. 368, 13 S.W. 269, 18 Am.St.Rep. 57.

Affirmed.