## KNOTT COUNTY v. AID ASS'N FOR LUTHERANS.

### No. 9571.

Circuit Court of Appeals, Sixth Circuit.

Jan. 24, 1944.

D. Hollender Hall, of Hindman, Ky. (Carl D. Perkins and D. Hollender Hall, both of Hindman, Ky., on the brief), for appellant.

Alfred Holman, of Cincinnati, Ohio, for appellee.

Before ALLEN, HAMILTON, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

This appeal is from a judgment of the district court, holding certain bonds issued by Knott County, Kentucky, to be valid, and sustaining claim to past-due interest thereon. It is contended by appellant county that the bonds were illegally issued and were, therefore, void. On this point, the district court held that appellant was estopped from asserting illegality, because of certain recitals set forth in the bonds.

In September, 1930, appellee bought in the open market, in good faith for value and without notice of any defect or in-firmity therein, ten funding bonds, of the denomination of $1,000 each, aggregating the principal amount of $10,000, issued by the above-mentioned county. The bonds bore interest at the rate of 6% per annum, payable semi-annually, evidenced by interest coupons thereto attached. They

were duly executed and delivered by the Fiscal Court of the county and bore the signature of the presiding judge of the Fiscal Court, countersigned by the county clerk. Each bond bore upon its face the following recital:

"This bond is one of a series of fifty (50) bonds of like tenor and effect except as to maturity, numbered from one (1) to fifty (50) both inclusive, all in the denomination of $1,000 each, aggregating $50,-000 in amount, issued for the purpose of funding a like amount of outstanding in-debtedness of Knott County, Ky., heretofore legally contracted by said County for the construction, repair and maintenance of the public roads and bridges and the public buildings in the County, under the authority of, pursuant to and in full compliance with the Constitution and Laws of the Commonwealth, particularly Sections 157, 158 and 159 of the Constitution, and Sections 1857, 1858 and 1859 of Carroll's Kentucky Statutes of 1922, and pursuant to the proceedings duly had by the Fiscal Court of Knott County in the premises.

"It is hereby certified and recited that all acts, conditions and things necessary to be done precedent to and in the issuance of this bond in order to make it a legal, valid and binding obligation of said County, have been done, have happened and been performed in regular and due form, time and manner as required by law; that the full faith, credit and revenues of said County are hereby irrevocably pledged for the prompt payment of principal and interest hereof at maturity; that no limitation of indebtedness or taxation, either constitutional or statutory, has been exceeded in issuing this bond and the series of which it is a part; and that due provision has been made for the levy, collections and appropriation, annually by taxation of an amount sufficient to pay the interest and to provide a sinking fund for the prompt payment of the principal as they respectively fall due."

It is contended by appellant county that the bonds in question were issued without authority and that appellee was not entitled to rely upon the recitals made therein. Issuance of renewal bonds, or bonds to fund the floating indebtedness of any county, is authorized by § 158 of the Kentucky constitution. However, it is claimed that, because the issue was not wholly for the purpose of funding indebtedness, it

was void. It appears that the funds received by the county from the bonds were used partially to retire outstanding indebtedness, and partially for road machinery and construction work on the court house.

■ The case turns on the application of estoppel. Where bonds of municipal corporations contain recitals, showing that they were issued for a purpose within the municipality's powers, such recitals, when made by persons authorized to determine the question, estop the municipality from asserting, as a defense against innocent holders, that the obligations were issued for some other purpose not within its power. City of Florence v. Anderson, 4 Cir., 95 F.2d 777. Appellant relies upon Sutliff v. Lake County Commissioners, 147 U.S. 230, 13 S.Ct. 318, 37 L.Ed. 145, where it was held, under the circumstances there disclosed, that a purchaser of a bond issued in excess of the constitutional and statutory limit, was charged with the duty of examining the record of the county's indebtedness. In that case, the statute required the county commissioners to publish and to enter on the public records, semi-annual statements showing the whole amount of the county debt. The court held that recitals in the bonds that all the provisions of the statute had been complied with, did not estop the county from proving, by the record of the assessment and the indebtedness, that the bonds were issued in violation of the constitution. In reviewing the Sutliff case, and many other adjudications involving the question in controversy, the Supreme Court, in Gunnison County Commissioners v. Rollins, 173 U.S. 255, 19 S.Ct. 390, 396, 43 L.Ed. 689, pointed out that the vital fact in the Sutliff case was that "there was no recital in the bonds that the indebtedness thus created was not in excess of the *constitutional* limit." (Italics supplied.)

Here, the recitals in the bonds set forth that they were issued for the purpose of funding a like amount of outstanding indebtedness, theretofore "legally contracted by said County for the construction, repair and maintenance of the public roads and bridges and the public buildings in the County, under the authority of, pursuant to and in full compliance with the Constitution and Laws of the Commonwealth." It was further recited that all acts, conditions and things necessary to be done precedent to and in the issuance of the bonds in order to make them legal, valid

and binding obligations of the county, had been done, happened and performed as required by law, and that no limitation of indebtedness or taxation, either constitutional or statutory, had been exceeded in issuing the bonds. The bonds were issued and the recitals made by the authority legally constituted for these purposes. As was said of a similar body, with authority to issue bonds: "They knew whether they had or had not directed bonds to be issued for such purposes. They knew, or ought to have known, whether the bonds ordered to be issued were in excess of the amount authorized by the legislature. They had authority to determine whether the precedent conditions had been fully performed. When, therefore, the county, acting by the commissioners' court, did issue bonds, attested by the seal of the court and the signatures of its officers, and reciting that they were issued under the order of the court, *in virtue* of the statute named, and were registered,—such recitals fairly importing a compliance, in all substantial respects, with the statute giving authority to issue bonds,—a bona fide purchaser was entitled to accept the recitals as stating the truth, and the county cannot, as against such purchaser, allege the contrary. It will not be heard to say that the bonds were in excess of the amount authorized, or that they were not issued for the purposes contemplated by the statutes referred to." Presidio County v. Noel-Young Bond Co., 212 U.S. 58, 65, 29 S.Ct. 237, 238, 53 L.Ed. 402. See also Waite v. Santa Cruz, 184 U.S. 302, 22 S.Ct. 327, 46 L.Ed. 552; Women's Catholic Order of Foresters v. Trigg County, D.C.Ky., 38 F.Supp. 398; Women's Catholic Order of Foresters v. Carroll County, D.C.Ky., 34 F.Supp. 140.

■ It may be remarked that where it appears on the face of a bond that the recitals in it, with respect to statutory or constitutional limitations, are false, a municipality would not be bound by the recital and would not be estopped from pleading the invalidity of the bonds in this particular. In such a case, the holder would not be a bona fide purchaser for value *without notice*.

■ Appellee was entitled to rely upon the recitals set forth in the bonds; and appellant is estopped from repudiating them.

The judgment of the district court is affirmed.